PRESENT—HON. S. A. KINGMAN, CHIEF JUSTICE.
HON. D. M. VALENTINE, ⎱
HON. D. J. BREWER, · ⎰ ASSOCIATE JUSTICES.

## JAMES I. HOLMES V. HENRY M. RILEY.

1. PROMISSORY NOTE; *Proof of Execution; Burden of Proof.* Where in an action on a promissory note the answer contains a sworn denial of its execution, it is error for the court to permit the note to be received in evidence and read to the jury without any proof of its execution; and it is error, also, to instruct the jury that the burden of proof is on the defendant to show that he did not execute it.

2. DEPOSITION; *Competency of Evidence.* Where the question in issue is as to the execution of a note, it is not error to admit the deposition of a witness who, without having the note before him, testifies, not to the genuineness of the signature, but to circumstances tending to show that defendant did at the date of the note execute such note.

*Error from Atchison District Court.*

RILEY brought an action against *Holmes* upon a certain promissory note. The petition set forth a copy of said note. *Holmes* made and filed his answer thereto, verified by affidavit, denying the execution of said note, and denying that *Riley* was the owner thereof, or that he ever purchased the same before maturity, or paid any value therefor. Reply, general denial. Trial at the November Term 1873. *Riley* offered in evidence said note, to the introduction of which *Holmes* objected, which objection was overruled, and said note was received and read to the jury. *Holmes* introduced evidence tending to show that he never executed said note. *Riley* then offered in evidence the deposition of one Lowrey, which was admitted over the objection and exception of *Holmes*. The court instructed the jury that the burden of

proof was on the defendant. Verdict and judgment for plaintiff, and the defendant brings the case here.

*Everest & Greenawalt*, for plaintiff in error, contended that under the issues joined the note did not prove itself, and that it was incumbent upon Riley, plaintiff below, to prove the allegations of his petition as to the execution of said note before the same could be introduced in evidence — and cited 57 Ill., 91, and 1 Allen, 410. Sec. 108 of the civil code has not changed the rule of the common law in any case where a party desiring to put the execution of a written instrument in issue verifies his denial by affidavit. In this case the burden of proof was upon the plaintiff. The court erred in admitting in evidence the deposition of Lowrey; (4 Denio, 131; 16 Johns., 201; 57 Ill., 91; 7 Mo., 128;) and in instructing the jury that the burden of proof was on the defendant.

*Henry C. Solomon*, for defendant in error, submitted, that, admitting there was error in admitting the note in the first instance without proof of execution, still the weight of evidence supported the verdict. The testimony of Lowrey proved that the note was executed by Holmes. For defendant below to first state, under oath, that he never signed the note, that the signature to said note was not made by him, and then to attempt to show that if he did sign it there was no consideration, and that plaintiff was not a *bona fide* holder of the note, is an unreasonable defense. Plaintiff in error must either stand upon one defense or the other — that the note was not executed by him — or, that there was no consideration, and that the plaintiff below was not the owner. If he stood upon the first, he waived the last-named defenses; if upon the last, he admitted the execution. Under these circumstances there was no error in the instructions.

The opinion of the court was delivered by

BREWER, J.: This was an action on a promissory note. The answer denied under oath the execution of the note.

Upon the trial the court permitted the plaintiff to read the note in evidence without any proof of its execution, and charged the jury that the *onus probandi* was on the defend-

**1. Proof of execution of note.** ant to show that he did not execute it. This was clearly wrong. The plaintiff alleged the execution of the note. By the sworn denial, that execution was put in issue, and on that issue the plaintiff had the affirmative.

We see no error in the admission of the deposition of H. H. Lowrey. The objections of counsel go rather to the effect and

**2. Deposition; competency of evidence.** weight of the testimony, than to its competency. The witness testifies, not to the genuineness of the signature to the paper offered in evidence, but to circumstances tending to show that the defendant did in fact, at the time of the date of the note, execute such a note. This we think was perfectly competent.

The judgment, however, for the errors noticed must be reversed, and the case remanded for a new trial.

All the Justices concurring.