### McCauley *et al. vs.* Gordon.

If, on the purchase of partnership property, a promissory note due at a future day be given for the price and made payable to the order of one of the partners as an individual, the partnership having an established partnership name different from that of the payee of the note, the note (though partnership property) cannot be indorsed by another one of the partners in the name of the payee so as to pass the legal title, with the incidents of negotiable paper transferred before due, without more authority than that which results by operation of law from the partnership relation. An alteration of such a note by inserting therein the words "or bearer," is a material alteration.

Partnership.    Negotiable instruments.    Indorsement. Alteration.    Before Judge McCutchen.    Whitfield Superior Court.    April Term, 1879.

Gordon brought suit in the justice's court of the 1049th

district, G. M., against McCauley and Ward, on the following note:

"SEPTEMBER 1st, 1877.

"Ninety days after date we promise to pay to the order of J. C. Williams, or bearer, one hundred dollars, value received.

Test, W. L. Headrick.                                                    C. C. McCAULEY.
                                                                         W. WARD."

Indorsed, "J. C. Williams."

The defendants pleaded under oath, as follows: 1. *Non est factum.* 2. They purchased of the firm of Williams Bros. a sorghum mill and evaporator, which was warranted by J. C. Williams to be of good quality, he representing that it would grind and evaporate at the rate of sixty gallons a day. The representations have proved false, and the warranty has failed, as the mill and evaporator will not do half the work stated. Defendants intending to reserve the right to refuse to pay for the mill, etc., the price agreed upon if the warranty failed, or the representations proved false, declined to sign a note negotiable at all, or one payable to bearer, and signed the note sued on without the words "or bearer," which have been since fraudulently interlined in said note by J. C. Williams, or under his direction. This alteration is material, and voids the note as to these defendants. It was made by the holder fraudulently, without their knowledge or consent, and they would not have made a note with such words contained therein. 3. The note never was indorsed or assigned by J. C. Williams, the payee, or by his authority or consent, and the indorsement thereon is fraudulent, and a forgery.

The magistrate rendered judgment for the plaintiff and the defendants appealed to the superior court.

The evidence, so far as material, disclosed that J. C. Williams, G. W. Williams and B. A. Williams were partners, using the firm name of Williams Bros., in the manufacture and sale of sorghum mills and evaporators, and sold one of these machines to defendants. That the latter refused to sign a note therefor payable to the order of J. C. Williams "or bearer," and had a second note written with all nego-

tiable words, as they supposed, omitted, which is the one now sued on. They offered to show that they did not know that even the words "to the order of" were in the note signed, but this evidence was excluded by the court.

The evidence also showed that the name of J. C. Williams was indorsed on the note in the writing of G. W. Williams, without the knowledge or consent of the former, and that this was done before the interlineation of the words "or bearer." Also, that these words were interlined without the knowledge or consent of the makers.

The court charged, in substance, as follows : If the Williamses were partners, and the property for which the note was given belonged to the firm, and not to J. C. Williams individually, then either of the partners could sell it, and either of them would be authorized to indorse the name of the payee, and could do this without his assent or knowledge, and the effect would be to confer upon the holder the legal title. If George W. Williams had authority as partner to make the indorsement, and had written the name of J. C. Williams across the note before the words "or bearer" were inserted, then the insertion of such words was immaterial inasmuch as the note, by the indorsement, was in effect payable to bearer.

The jury found for the plaintiff.

The defendants excepted to the exclusion of defendants' testimony of ignorance of the fact of the words "to the order of" being in the note, and to the instructions to the jury. Error was assigned accordingly.

W. K. MOORE, by brief, for plaintiffs in error, cited Story on Prom. Notes, §§120–125; Chit. on Bills, 226; 30 *Ga.*, 130; 24 Wend., 374; 19 John., 391.

JOHNSON & McCAMY, for defendants, cited Code, §§1904, 1909, 2785, 2852; 2 Par. on Con., 226, n. 5; 15 Pick., 239; 20 Vermont, 219; 3 Ohio, 445; Story on Part., §142; 1 Denio, 472; 8 Barn. & Cress., 427.

BLECKLEY, Justice.

There can be no doubt that to tamper with a promissory note so far as to insert in it the words "or bearer," is grossly improper. It verges on forgery. The introduction of such words is a material alteration, for they go to modify the manner of negotiating the instrument. *Dudley R.*, 243. Without them, or words of similar import, the instrument is negotiable by indorsement only ; with them, it is negotiably by bare delivery as well as by indorsement. It is said they were immaterial in the present case for the reason that the note was indorsed in blank before their insertion, and thereby the note had already become negotiable by delivery, the effect of indorsement in blank being to render it payable to any bearer. But the payee did not indorse, and the person who did indorse, though a partner of the payee, did not indorse in the partnership name or in his own name, but in the name of the payee ; and this he did without any authority further than the general implied authority of the partnership relation. The partnership had an established partnership name, which was quite different from the name of the individual partner to whom the note was payable. The agency of a partner to sign for the partnership is generally restricted to signing in the established partnership name, where the partnership has such a name. Let it be conceded that the note was partnership property, and that the partner who transferred it had a right to transfer it, we think that, without some special authority from the payee, he could not indorse it in the name of the latter, and put it afloat with all the incidents of negotiable paper transferred before due : and if he could not do this, the words "or bearer," had they been genuine, would or might have varied the rights of the holder, and made these rights more comprehensive ; and whatever would or might have had that effect cannot be treated as immaterial. There is a public policy to be subserved in guarding the purity and integrity of negotiable paper, and neither surreptitious in-

terpolations in the body of the instrument, nor the indorsement by one man with the name of another, ought to be countenanced as a strictly commercial transaction in a doubtful case. On the face of the note is nothing whatever to indicate the connection of any partnership with it ; and the operation of the indorsement in the name of the payee would be, *prima facie*, to render him, and him alone, liable upon the contract of indorsement. All interest of the partnership in the transaction depends upon evidence extrinsic of the note and of the indorsement, and this being so, the words "or bearer" have a material bearing upon the measure of evidence requisite to make a case for recovery by the holder against even the makers. As the note was not in fact indorsed by the payee, it is easy to see that the holder would be better off with the words "or bearer" in the terms of the instrument than if they were not there, since the want of them would place upon him the burden of proving that the indorsement was made with the payee's authority, the plea putting the genuineness of the indorsement in issue. In any and every view of the matter, the alteration was material, and the court erred in the instructions given to the jury.

Judgment reversed.