WILLIAM T. DONOVAN, PLAINTIFF IN ERROR, V. ALLEN FOWLER, EXECUTOR, DEFENDANT IN ERROR.

1. **Answer:** GENERAL DENIAL. An answer consisting of a general denial of each and every allegation in, the petition places in issue all the allegations contained therein.

2. ———: ———: BURDEN OF PROOF. In an action upon a promissory note (in the district court) an answer consisting of such general denial is a denial of the execution of the note, and the burden of proof is upon the plaintiff to establish its execution and delivery before it is admissible in evidence.

ERROR to the district court for Lancaster county. Tried below before GASLIN, J., sitting for POUND, J.

*Foxworthy & Son,* for plaintiff in error.

*R. D. Stearns,* for defendant in error.

REESE, J.

This was an action on a promissory note. The defendant in error (plaintiff below) filed his petition in the district court, which was in the usual form for declaring upon a promissory note, with the additional averments of the decease of the payee and appointment of defendant in error as the representative of his estate. The amended answer of plaintiff in error was a general denial of "each and every allegation and averment" of the petition. On the

trial the plaintiff, without any preliminary proof of the execution of the note, offered it in evidence. Plaintiff in error objected for the reason that no foundation had been laid for its admission. This objection was overruled. To this ruling plaintiff in error excepted, and the note was admitted in evidence and read to the jury.

This ruling was erroneous. A general denial puts in issue the truth of all the allegations of the petition, save those which are excepted by the statute—of which the execution and delivery of a written instrument is not one—and the plaintiff, to maintain his action, must prove all the material facts therein stated. Maxwell's Pleading and Practice, 3d edition, 93. Section 99, civil code. *Dinsmore & Co. v. Stimbert*, 12 Neb., 433. Abbott's Trial Evidence, 391. Moak's Van Santvoord's Pleadings, 512. *Holmes v. Riley*, 14 Kas., 131. The execution and delivery of the note was denied by the answer. The burden of proving its genuineness was upon the plaintiff in the action. Until that proof was made it was not admissible in evidence. The objection should have been sustained.

As the other questions presented by the record are not likely to arise in another trial they will not be noticed.

The judgment of the district court is vacated and a new trial ordered.

REVERSED AND REMANDED.

THE other judges concur.