THE NEBRASKA LAND AND CATTLE COMPANY, PLAINTIFF IN ERROR, v. HENRY H. BOWIE, DEFENDANT IN ERROR.

Evidence examined, and *Held*, Not to sustain the finding of the district court.

ERROR to the district court for Buffalo county. Tried below before HAMER, J.

*Calkins & Pratt*, for plaintiff in error.

*A. H. Connor* and *Ira D. Marston*, for defendant in error.

REESE, J.

This was an action upon a promissory note, executed by plaintiff in error to its secretary, and by him transferred

through mesne endorsements to defendant in error. The petition stated the facts in the usual form. The answer was a general denial. Judgment was rendered in favor of defendant in error for the amount named in the note, with interest.

Plaintiff in error prosecutes error to this court, and contends that there was no evidence to sustain the finding of the district court, there being no proof of the execution of the note or of the endorsements, which, in *Donovan v. Fowler*, 17 Neb., 247, was held to be necessary.

It is insisted by defendant in error that the proof sustains the allegations of the petition.

We here copy all the testimony introduced upon the trial:

Plaintiff, to maintain the issues on his part, called W. W. Pool, who, being sworn, in answer to questions by Gen. Connor, testified:

"My name is W. W. Pool. On the 31st day of March, 1883, I resided on a farm on the South Loup, and was secretary and superintendent of the Nebraska Land and Cattle Company."

Q. (Handing witness a paper.) Look at that paper and state if you have any recollection of signing a paper of which this is a copy, to Mr. Deen for $700?

A. I don't know about this being a copy of it. I have a recollection of a note of that amount to Deen.

Q. State, from any examination of that copy, if you have a recollection of signing such a note yourself that was endorsed to Deen?

A. I have no recollection of endorsing a particular note. If you had the original here, I could remember.

Q. Do you remember of buying horses from Deen?

A. Yes, sir.

Q. Remember the drawing of a note payable to yourself and endorsing it to him?

A. No, sir. But I remember of him giving a note for $700.

Q. Ever give him any other note for that amount?

A. Not that I know of.

Q. Ever pay that note?

A. No, sir.

By the court, to witness:

Q. Has that note ever been paid by the company, that you know of?

A. No, sir; not that I know of.

Plaintiff here offers said note in evidence.

Defense objects, on the ground that it is not shown to be properly executed, in that it is executed by an officer of the corporation to himself.

By the court:

Q. This note was given for horses purchased of Deen?

A. Yes, sir.

Q. To whom were the horses delivered?

A. To the Nebraska Land and Cattle Company.

Q. And they got the horses?

A. Yes, sir.

By Gen. Connor:

Q. And this note was made payable to you and endorsed by you to Deen?

A. I don't remember about the endorsement.

A. H. Connor, Esq., called and sworn, *per se:*

"Mr. Bowie, the plaintiff in this suit, brought that note to me for the purpose of collection. He stated to me—"

Defense objects as improper and incompetent. Sustained. Plaintiff excepts.

"I will say that Mr. Deen also told me—"

Defense objects, as irrelevant, improper, and hearsay. Sustained. Plaintiff excepts.

"I offer to prove that both these parties being present, Mr. Deen informed me, so did Mr. Bowie, that he had sold the note and the price for which he had sold it. I don't remember the amount he stated, and the note was in in Bowie's possession."

Defense excepts to above offer being made.

"I also offer to prove that I brought this action at the instance of Mr. Bowie, plaintiff here, and that he paid me an attorney's fee of $50."

Defense except.

The plaintiff, offering no further evidence, rested; whereupon the defendant, without producing any evidence, rested, and the case was submitted to the court upon the foregoing evidence.

The testimony of General Connor seems not to have been admitted, neither was the note before the court. A copy of the note was presented to the witness Pool, but he does not identify it as such. He has no recollection of the endorsement, and, to the mind of the writer, fails to connect the copy presented to him with the transaction in which a note was given, in any particular.

The allegation of the petition is, that plaintiff executed *the note* upon which the action was brought. This was denied by the answer, while there was proof that a note was given which had not been paid that the witness *knew of*, yet there was no proof that the note described in the petition had ever been executed or endorsed.

The judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.