Walton Plow Co. v. Campbell.

---

THE WALTON PLOW CO., APPELLANT, V. L. S. CAMPBELL ET AL., APPELLEES.

[FILED JULY 1, 1892.]

1. **Promissory Note**: ALTERATION: MAY BE SHOWN UNDER GENERAL DENIAL.   In an action to foreclose a real estate mortgage the petition alleges the execution and delivery of the note, to secure which the mortgage was given, and sets out a copy of the note.   *Held*, That evidence showing that the note has been materially altered after its execution was admissible under an answer denying each and every allegation contained in the petition.

2. ——— : ———: WHEN MATERIAL.   An unauthorized alteration of a non-negotiable promissory note by the payee, after the execution thereof, by the insertion of the word " bearer " after the name of the payee, is a material alteration, which will nullify the instrument.

3. ——— : ———: BARS RECOVERY.   Where a promissory note has been altered by the payee in a material matter and with a fraudulent purpose, no recovery can be had upon the instrument, or upon the original consideration for which it was given.

4. ———: ———: CANCELS THE DEBT. The fraudulent alteration of a promissory note secured by a mortgage cancels the debt which it evidenced and discharges the mortgage.

APPEAL to the district court for Phelps county. Heard below before GASLIN, J.

*Atkinson & Doty*, for appellants, cited: *Oliver v. Hawley*, 5 Neb., 444; *Vogle v. Ripper*, 34 Ill., 100; *Croswell v. Labree*, 81 Me., 44; *Wilson v. Hayes*, 12 Am. St. Rep. [Minn.], 758; *Shephard v. Whetstone*, 1 N. W. Rep. [Ia.], 753; *Rowley v. Jewett*, 6 Id., 354; *First Natl. Bank v. Carson*, 27 N. W. Rep. [Mich.], 589; *Weaver v. Bromley*, 31 Id., 839; Greenleaf, Ev., sec. 655; *Robinson v. Ins. Co.*, 25 Ia., 430; *Bank v. Shaffer*, 9 Neb., 1; *Gillette v. Smith*, 18 Hun [N. Y.], 10; *Smith v. Smith*, 13 Am. St. Rep. [S. Car.], 633.

*S. A. Dravo*, and *Leese & Stewart*, contra, cited: *Wilcox v. Saunders*, 4 Neb., 572; *Union Natl. Bank v. Roberts*, 45 Wis., 373; *Croswell v. Labree*, 81 Me., 44; *McCauley v. Gordon*, 64 Ga., 221; *Morehead v. Bank*, 5 W. Va., 74; *Needles v. Shaffer*, 60 Ia., 65; 2 Dan., Neg. Inst., secs. 1410, 1412; *Savings Bank v. Shaffer*, 9 Neb., 1; *Booth v. Powers*, 56 N. Y., 22; *Vogle v. Ripper*, 34 Ill., 100; *Smith v. Smith*, 13 Am. St. Rep. [S. Car.], 633.

NORVAL, J.

This is an action to foreclose a real estate mortgage given by L. S. Campbell and wife to one D. H. Duperon to secure the payment of a promissory note for the sum of $100, with interest at ten per cent from date thereof. Plaintiff is the owner and holder of said note and mortgage.

The defendants answered denying each and every allegation of the petition. The lower court found the issues in favor of the defendants and dismissed the action.

The court permitted the defendants, over plaintiff's ob-

jection, to introduce testimony tending to prove that the note had been materially altered since its execution by writing in the word " bearer," although the note was non-negotiable when signed. At the close of the trial the defendants, with the permission of the court, filed an amended answer denying each and every allegation of the petition and alleging that on or about the date of the note sued on they executed and delivered to D. H. Duperon a note calling for $100, due in six months from date; that the note read "D. H. Duperon," the words "or order" being erased by defendants before the same was signed; that after the defendants signed said note, and without their consent, the word "bearer" was fraudulently written therein over the words erased.

The first question presented for our decision is, was evidence showing that the note had been altered after its execution admissible under the general denial in the original answer? We think the answer must be in the affirmative. The petition alleges the execution and delivery of the note by the defendants, and the instrument is set out in the body of the pleading in its altered form. The general denial put in issue every material averment of the petition, and the affirmative was upon the plaintiff to prove the making and delivery of the identical note mentioned in the petition, and so continued to the close of the case. (*Donovan v. Fowler*, 17 Neb., 247; *First Natl. Bank v. Carson*, 30 Id., 107.)

Under a general denial the defendants were entitled to disprove the material facts stated in the petition. Evidence that they did not sign the instrument sued, or that it had been materially altered after delivery, was clearly admissible under the original answer. It is only affirmative defenses that the Code requires to be pleaded. The defense of alteration was not new matter required to be set up in the answer. If the note was altered without defendants' consent, after its execution and delivery, by inserting therein

the word "bearer," then it was not their note, and evidence
tending to establish such fact tended to rebut or disprove
the evidence offered by the plaintiff, that the defendants
made the note described in the petition and introduced on
the trial.   We do not think it was necessary to allege the
alteration in the answer, and the court did not err in re-
ceiving the evidence offered on this question under the gen-
eral denial. (Abbott, Trial Ev., 407; *Boomer v. Koon*, 6
Hun [N. Y.], 645; *Lincoln v. Lincoln*, 12 Gray [Mass.],
45.)

It follows from what has been said that plaintiff was not
prejudiced by the filing of the amended answer, as it pre-
sented no issue not raised by the general denial of the first
answer.   No objection was made to the granting permis-
sion to file an amended answer, therefore the defendants
cannot now urge the ruling as a ground for reversing the
case.

It is undisputed that the note, when signed by defend-
ants, was non-negotiable, and that after its delivery, but be-
fore the instrument came into the possession of plaintiff it
was changed by inserting the word "bearer."   The writing
of this word in the body of the note changed its character
and invalidated the instrument.   The alteration is a material
one, and, being unauthorized by the makers, no action
could be maintained thereon. (*Booth v. Powers*, 56 N. Y.,
22; *Union Natl. Bank v. Roberts*, 45 Wis., 373; *Croswell v.
Labree*, 81 Me., 44; *McCauley v. Gordon*, 64 Ga., 221;
*Morehead v. Bank*, 5 W. Va., 74; *Needles v. Shaffer*, 60
Ia., 65.)

But it is contended by counsel for appellant that the payee
having indorsed the note, and plaintiff having received the
same in good faith in the usual course of business, the in-
dorsee has a right of action upon the note, notwithstanding
the alteration thereof.   We cannot agree with counsel in
this contention.   This court has more than once held that
the unauthorized material alteration of a negotiable note

Walton Plow Co. v. Campbell.

by the payee nullifies the instrument, even in the hands of a *bona fide* holder. (*Palmer v. Largent*, 5 Neb., 223; *Brown v. Straw*, 6 Id., 536; *Davis v. Henry*, 13 Id., 497.)

It is finally insisted the district court erred in ruling that the mortgage given to secure the note was no lien upon the property described in the mortgage; in other words, that plaintiff was entitled to a decree of foreclosure, notwithstanding the alteration of 'the note it was given to secure. Authorities are to be found which sustain the position contended for by counsel. The leading case so holding is *Gillette v. Powell*, Spear's Eq. [S. Car.], 144. This case was followed by the supreme court of South Carolina in *Plyler v. Elliott*, 19 S. Car., 257, and *Smith v. Smith*, 27 Id., 166; S. C., 3 S. E. Rep., 78. The court of last resort in the state of Illinois has held that where a mortgagee has fraudulently made a material alteration of a note, to secure which the mortgage was executed, the debt is thereby discharged and defeats a foreclosure of the mortgage; but if the alteration, although material, was not made with a fraudulent purpose, it will not have that effect. (*Vogle v. Ripper*, 34 Ill., 100; *Elliott v. Blair*, 47 Id., 342.) So far as we are advised, the question is now presented to this court for the first time.

The effect of a material alteration of a note depends upon the person by whom and the intention with which it was made. If changed by a stranger without the consent of the parties to the instrument, the rights of the holder will not be affected thereby. The material alteration of a note by the payee, although made without any fraudulent intent, renders the paper void, yet the holder may recover in an action brought upon the original consideration. The effect of an alteration of such paper, innocently made, under an honest mistake of right, was considered by this court in *Savings Bank v. Shaffer*, 9 Neb., 1, and it was there ruled that while the alteration vitiates the instrument, it would not defeat a recovery upon the original considera-

tion for which such note was given. The weight of au-
thority is in favor of the doctrine that a fraudulent altera-
tion of a promissory note in a material matter, not only
avoids the instrument, but works a forfeiture of the debt.
for which it was executed. In such case no recovery can
be had in any form of action. The law will not permit
the holder to take the chances of gain by fraudulently al-
tering the note, without risk of loss in case of detection.
(Daniels on Neg. Inst., sec. 1410a; *Newell v. Mayberry,* 3
Leigh [Va.], 250; *Martendale v. Follet,* 1 N. H., 95; *Smith
v. Mace,* 44 Id., 553; *Bigelow v. Stilphen,* 35 Vt., 521;
*Whitmer v. Frye,* 10 Mo., 349; *Waring v. Smyth,* 2 Barb.,
Ch. [N. Y.], 135; *Warder, Bushnell & Glessner Co. v. Will-
yard,* 49 N. W. Rep. [Minn.], 300.)

It is inferable from the record that the insertion of the
word "bearer" was not made for an honest purpose. Ap-
plying the above principles to the case at bar, we are una-
ble to perceive upon what ground it can be held that the
mortgage should be enforced. If the fraudulent alteration
avoided the note and extinguished the debt, it also dis-
charged the mortgage by which it was secured. The can-
cellation of the debt released the lien of the mortgage.
The plaintiff not only lost his right of action on the note,
but on the mortgage as well. (*Sherman v. Sherman,* 3 Ind.,
337; *Tate v. Fletcher,* 77 Id., 102; *McCorkle v. Doby,* 1
Stro. [S. Car.], 396.)

In *Gillette v. Powell, supra,* it does not appear that the
alteration was fraudulently made, hence that case is not an
authority on the question under consideration.

The case of *Plyler v. Elliott, supra,* was decided by a
divided court. The opinion of the majority is placed upon
the untenable ground that the fraudulent material alteration
of a note does not discharge the debt, but merely takes away
all remedy upon the note itself. The writer of that opinion,
in substance, contends that, as to the effect upon the debt,
there is no substantial difference between that of a note

barred by the statute of limitations and one made void by fraudulent alteration, and that both are controlled by the same principle of law. In this it seems to us that the author of the opinion has fallen into a grave error. The statute of limitations only takes away the remedy, while the fraudulent alteration of a note goes further. It reaches to the debt itself and extinguishes it. The fact that an action can be brought on a mortgage, though the note which it secures is barred, is no ground for holding that the mortgage cannot be enforced in this case to compel the payment of the debt for which the altered note was given. A barred note, so secured by a mortgage, continues as evidence of debt until the statute runs against the mortgage. (*Cheney v. Woodruff*, 20 Neb., 124; *Cheney v. Janssen*, Id., 128.) It is the judgment of this court that the judgment appealed from should be

AFFIRMED.

POST J., concurs.

MAXWELL, CH. J., dissenting.

I am unable to give my assent to the decision of the majority of the court for the following reasons :

The plaintiff brought an action in the district court of Phelps county against the defendants to foreclose a mortgage upon real estate. The action was brought on the 19th day of December, 1889. No answer was filed until the 7th day of April, 1890, which seems to have been the day on which the trial took place, when the defendants, by leave of court, filed a general denial. The note appears to have been introduced in evidence without objection. The defendant, L. S. Campbell, was called as a witness in his own behalf, and testified as follows:

Q. State if that note is in the same condition it was when you signed it.

Counsel for plaintiff objects, as immaterial, irrelevant, and incompetent. Overruled. Plaintiff excepts.

A. No, sir.

Q. What change has been made, if any?

Objected to, as immaterial, irrelevant, and incompetent. Overruled. Plaintiff excepts.

A. The word "bearer" has been written in there.

Q. Any words been erased out—were the words "or order" erased?

A. Yes, sir; I erased them myself.

Upon this evidence the court held that there was an alteration and that it was fraudulent; and thereafter, but so far as appears not in open court, permitted an amended answer to be filed to conform to the alleged proof and rendered judgment in favor of the defendants and against the plaintiff, dismissing the action. It is very clear that the court erred in permitting an affirmative defense to be proved under a general denial. The requirement of the Code, that affirmative defenses shall be pleaded, is reasonable and just, and it is the duty of the court to see that this rule is not infringed. If a party has a defense, he must set it forth so that the adverse party may be prepared to meet it. Otherwise, if he rests his case upon a general denial, his proof will be restricted to controverting the facts stated in the petition. To permit a defendant, against the objection of the plaintiff, to prove a defense entirely different from that set forth in his answer, and then amend his answer to conform to his proof, is a gross violation of the rules of pleading and is liable to be fraught with great injustice, and particularly is this true where, as is evident in this case, the wrong was deliberately planned. The plaintiff is the indorsee of the note. He evidently is an innocent purchaser. Now, had the defendant set up in his answer the defense that the note had been altered by adding the word "bearer," the testimony of the payee and others could have been taken and thus the indorsee have been prepared to defend his rights. Here was a snap judgment taken which deprived the plaintiff of a trial

upon the real questions decided, viz., the alteration. That question has not in fact been tried yet. If the defendant may conceal his defense under a general denial and on the trial prove a defense which, in the absence of counteracting proof, will defeat the action, and which the plaintiff, taken by surprise, cannot be prepared to meet, why may he not prove payment, release, accord, and satisfaction, or other defense, and thus the beneficial effects of the Code as to pleading affirmative defenses be lost. This is a step, and a most important one, in that direction. But the defendants, by filing an amended answer, in effect admit that such an answer is necessary.

It is the duty of the courts to uphold honesty and fair dealing and protect and enforce the rights of every one.

From time immemorial courts of equity have granted continuances to permit one or both parties to obtain proof, add new parties or otherwise protect and save their rights, and under the Code this practice is still in force. In addition to this, a court will not determine without a hearing that an alteration is fraudulent. The presumption of innocence prevails until overcome by proof. It is not claimed by the defendants that they have any defense against the note itself that would be defeated by a transfer thereof to an innocent purchaser. How, then, are they defrauded, or can be? They can lose nothing by the transfer. The judgment should be reversed and the cause remanded for trial upon the amended answer.