GEORGE GRAVES v. NORFOLK NATIONAL BANK.

FILED OCTOBER 21, 1896.   No. 5941.

1. **Pleading:** ANSWER. A general denial puts in issue all the material averments contained in the petition.

2. **Negotiable Instruments:** EVIDENCE OF INDORSEMENT. *Held,* Upon a re-examination of the evidence, that it fails to support the verdict.

REHEARING of case reported in 45 Neb., 840.

*J. F. Boyd* and *Allen, Reed & Ellis,* for plaintiff in error.

*Powers & Hays, contra.*

NORVAL, J.

By this action the Norfolk National Bank sought to recover of George Graves and John M. Leeper, as indorsers, the amount of a promissory note executed by one Ellison and payable to the firm of Graves & Leeper. The principal issue presented by the pleadings was whether George Graves indorsed the note in controversy, or authorized the same to be done, and this question was determined by the jury against him. We are convinced, after a careful examination of the record, briefs, and arguments, that the findings and judgment are unsupported by the evidence adduced on the trial. That Graves neither wrote his name upon the back of the note, nor empowered or directed any one else to do so for him, was established by the uncontradicted proofs. There was

evidence introduced on the part of the bank to show that the name "George Graves" was indorsed upon the instrument by John M. Leeper (after the dissolution of the firm), but this was done without Mr. Graves' knowledge or consent, and not in any way connected with the business of the partnership or in the settlement of its affairs. Conceding that Mr. Leeper might lawfully indorse the firm name upon the note when he transferred it for his own benefit, and not on account, or in behalf, of the late firm, which the record discloses was done, manifestly he possessed no implied authority to indorse the individual name of Mr. Graves, his former partner, so as to bind him thereby in his individual capacity. It is a wholesome rule—one often adhered to by us—that a question not raised or presented in the trial court will be of no avail on review of the record in this court; but this doctrine has no application to the case before us. The answer being a general denial of each averment of the petition, put in issue the genuineness of the indorsement and cast the burden upon the plaintiff to establish the same. (*Donovan v. Fowler*, 17 Neb., 247; *First Nat. Bank of Madison v. Carson*, 30 Neb., 104; *Monitor Plow Co. v. Born*, 33 Neb., 747; *Walton Plow Co. v. Campbell*, 35 Neb., 173.) That the note was not indorsed in the firm name, but purports to have been indorsed by the individuals alone, fully appeared on the face of the petition; hence it required no affirmative allegation in the answer to raise the question as to the form of the indorsement. Not only does the testimony show that Mr. Graves neither wrote his name on the back of the note, nor authorized any one else to do so, but the indorsement in question was never introduced or offered in evidence.

It is urged that the prior course of dealing of the bank with the firm of Graves & Leeper was sufficient to fasten a liability upon Mr. Graves in this case. The facts upon which this contention is based are these: Some time prior to the purchase of the note in dispute the bank, instead of purchasing a note from Graves & Leeper, as inadvert-

ently stated in the former opinion, loaned at one time said firm between $2,000 and $2,500, and to secure the payment thereof the firm deposited with the bank numerous collateral notes, some of which were payable to Graves & Leeper, and others to George Graves and John M. Leeper. A number of said collateral notes were indorsed in the name of the firm, and others "George Graves" and "John M. Leeper," like the note in suit. Whether the mode of indorsement last above stated was the one used upon the notes payable to the firm or on those alone in which the individual members were named as payees, the evidence is conflicting. It is undisputed, however, that, as to all the collateral notes indorsed in the manner claimed by the bank, George Graves placed his own name on the back of each note, and Mr. Leeper likewise wrote his individual name. So no custom was established which authorized Mr. Leeper to write the name of George Graves upon the back of commercial paper, or which justified the bank in purchasing the note in question upon the faith of the indorsement of the name of the defendant Graves. The verdict being unsupported by the evidence, the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

HARRISON, J., not sitting.