PEOPLE'S TRUST & SAVINGS BANK, APPELLANT, v. L. W. RORK, APPELLEE.

FILED JUNE 23, 1914.  No. 17,777.

1. **Bills and Notes: DEFENSE OF FRAUD: BURDEN OF PROOF.** Where, in an action on a promissory note by an indorsee thereof, the defense interposed is fraud in the inception of the note, the burden is upon the plaintiff to prove that he is a *bona fide* holder for value.

2. ———: Action on Note: Indorsement: Evidence. In an action by an indorsee against the maker of a promissory note, a general denial puts in issue the allegation that the note was indorsed before maturity, and evidence to show that the note bore no indorsement after the time it was due is properly receivable as matter of defense.

Appeal from the district court for Furnas county: Harry S. Dungan, Judge. *Affirmed.*

*Williams, Lawrence, Welsh & Green* and *John Stevens,* for appellant.

*Lambe & Butler, contra.*

Letton, J.

Action by the indorsee of a promissory note. Judgment for defendant, and plaintiff appeals.

The plaintiff is a banking corporation doing business in Illinois. The defendant is a resident of McCook, Nebraska. In November, 1909, defendant purchased from one J. L. Galloway certain real estate near Fort Morgan, Colorado, executed a contract of purchase therefor, and in part payment executed to Galloway his note for $500, due June 1, 1910, payable at the Bank of Oxford, Oxford, Nebraska. The petition alleges that Galloway, before maturity, sold, indorsed and delivered the note to plaintiff for value in the usual course of business. The answer admits the execution and delivery of the note, but denies the other allegations in the petition and pleads that the note was obtained by means of fraudulent misrepresentation as to the character and value of the land sold, and that defendant had rescinded the contract. The evidence shows that a gross fraud was perpetrated upon the defendant and justifies the verdict, unless the plaintiff is entitled to protection as a *bona fide* holder in due course of negotiable paper.

Plaintiff's contention is that in such a case an answer states no defense, unless it pleads that plaintiff at the time of acquiring the note had notice of the claimed defense, or received the note in bad faith, or after maturity,

and that the court erred in admitting evidence of the fraud and misrepresentations of Galloway. This is not the rule where a note is obtained by fraud. *Kelman v. Calhoun,* 43 Neb. 157. The established rule is: "Where fraud in the inception of a note is pleaded as a defense and supported by proof, in an action by an indorsee against the maker, the burden is on plaintiff to show he is a *bona fide* holder." This rule has been so often announced that it seems useless to cite authorities in support of it. *Central Nat. Bank v. Ericson,* 92 Neb. 396, where a number of other Nebraska cases are cited.

At the trial the plaintiff's evidence tended to prove that it took the note before due as collateral security for a loan made by it to Galloway, and that it was indorsed at the time of the transaction. This made a *prima facie* case, and, in the absence of any proof of the defense alleged, would have entitled plaintiff to a judgment. The question whether or not the plaintiff was a holder in due course depended upon the fact of indorsement before the transfer. Defendant introduced three witnesses who testified that, after the date of the maturity of the note, they examined it at the Fort Morgan bank, where it had been sent by plaintiff for collection, and that at that time it bore no indorsement. This evidence was properly receivable under the denial in the answer (*Donovan v. Fowler,* 17 Neb. 247; *Graves v. Norfolk Nat. Bank,* 49 Neb. 437), and was sufficient with the evidence as to the fraud to uphold the verdict. Under the provisions of section 30, negotiable instruments law (laws 1905, ch. 83, art. III; Rev. St. 1913, sec. 5348), "an instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. * * * If payable to order it is negotiated by the indorsement of the holder completed by delivery." The provisions of section 49 of the act (Rev. St. 1913, sec. 5367) also apply: "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferrer had

therein, and the transferee acquires in addition the right to have the indorsement of the transferrer. But, for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made." The district court properly admitted evidence of the fraud, and the note was subject to all defenses that might have been made against the original payee.

Complaint is made of the giving and refusal to give a number of instructions. The criticism made is based upon the theory that it was incumbent on defendant to plead and prove notice or knowledge of the defense on the part of plaintiff before it took the note, as collateral security. This complaint is covered by what has been said, and will not be further discussed.

We find no error, and the judgment of the district court is

AFFIRMED.

ROSE, FAWCETT and HAMER, JJ., not sitting.