RIVERTON STATE BANK, APPELLEE, V. EDSON L. WALKER ET AL., APPELLANTS.

FILED FEBRUARY 16, 1922. No. 21901.

1. **Appeal:** MOTIONS FOR DIRECTION OF VERDICT: FINDINGS BY COURT: REVIEW. Where both parties, at the close of all the testimony, move for a directed verdict, the whole case is thereby submitted to the trial court, and its findings of fact take the place of a verdict of the jury, and should not be set aside unless, upon the whole record, it appears to be clearly wrong.

2. **Notes:** ACTION BY INDORSEE: GOOD FAITH: PROOF. In an action by a bank against the maker, upon a promissory note, when it is shown that the note for which the note in suit was

given in renewal was obtained by fraud practiced úpon the maker, the bank, in order to recover, must prove that all the officers or agents of the bank who took part in negotiations for the purchase of the original note did so in good faith, without notice of any defense or infirmity in the note.

3. Evidence examined, and *held* not to sustain the verdict and judgment of the trial court.

APPEAL from the district court for Franklin county: WILLIAM A. DILWORTH, JUDGE. *Reversed.*

*North & Donovan,* for appellants.

*Bernard McNeny* and *A. H. Byrum,* contra.

Heard before LETTON, DEAN and DAY, JJ., ALLEN and BEGLEY, District Judges.

BEGLEY, District Judge.

This action was brought in the district court for Franklin county, upon a promissory note, executed by the defendants in the sum of $2,500. The defendants contend that there was no consideration for said note; that it was a renewal and given in payment of a note obtained from the defendants by the Missouri Valley Cattle Loan Company by fraud, and that said original note was purchased by said plaintiff bank with knowledge of such fraud in its inception, and that when same became due, defendants, without knowledge of the falsity of said representations or discovery of the fraud, signed the renewal note. The plaintiff in reply filed a. general denial and further alleged that plaintiff purchased, in the regular course of business, and before it was due, and in good faith, and for valuable consideration, and without any notice of any infirmity in the note or defect in the title of the Missouri Valley Cattle Loan Company, a note given by the defendants to said Missouri Valley Cattle Loan Company in the sum of $2,500, and that thereafter, on the 6th day of February, 1920, the defendants paid said note by giving to plaintiff the note mentioned in plaintiff's petition, and the defendants

are, therefore, estopped from denying liability on the note sued upon. At the close of the testimony each party moved the court to direct a verdict in its favor. The court overruled the motion of the defendants and sustained the motion of the plaintiff, and the jury, under the direction of the court, returned a verdict for the plaintiff for the full amount of the note sued upon. Defendants have appealed.

The pleadings and the evidence of defendants in this case are identical with those in *Auld v. Walker,* **p. 676,** *post.* In that case we determined that the note in suit was a renewal note, and that fraud was proved in the inception of the original notes, and this phase of the case need not be further discussed.

Where both parties, at the close of all the testimony, move for a directed verdict, the whole case is thereby submitted to the trial court, and its findings of fact take the place of a verdict of the jury, and should not be set aside unless, upon the whole record, it appears to be clearly wrong. *Krecek v. Supreme Lodge,* **95 Neb.** 428. Therefore, the sole question presented is whether there is sufficient evidence to support the verdict and judgment.

The defendants having proved their defense of fraud in the inception of the note, the burden was then on the plaintiff to prove by a preponderance of the evidence that it was a holder in due course. To sustain this burden the plaintiff produced the president of the plaintiff bank and the president at the time of the purchase of the original note, who testified that the bank purchased the note for value, in the regular course of business, in good faith, and without notice of any infirmities in the note. They, however, admitted that the negotiations and transaction regarding the purchase of the note from the agent of the Missouri Valley Cattle Loan Company were conducted through N. R. Morrow, at that time cashier of the plaintiff bank, and that they had no knowledge of his statements or knowledge re-

garding the note. The defendants' evidence showed
that before signing the original note they talked with
Morrow, the cashier of the bank, and that he advised
them to purchase the stock. There was further evidence
that, prior to the purchase of the original note, Cohn
and Anderson, stock salesmen for the Missouri Valley
Cattle Loan Company, were very friendly with Morrow;
that Morrow pointed out prospective purchasers for
them, and on one occasion, while Cohn, Anderson and
Morrow were in the bank consulting with reference to
selling a Mrs. Smart stock in the company, one East-
wood, an officer of the bank, overhearing the conversa-
tion, secretly went to the home of Mrs. Smart and ad-
vised her not to invest her money in the stock; that after
she had purchased stock and given her notes for same,
through the intercession of Morrow with the Missouri
Valley Cattle Loan Company, her notes were returned
to her.

Morrow testified as a witness in the case, but was
not asked and did not testify regarding his knowledge
of infirmities in the note, nor did he deny the conversa-
tions alleged to have been had with the defendants.
When it was shown by the defendants that the note was
obtained by fraud practiced upon the defendants, the plain-
tiff, in order to recover, must prove that all the officers or
agents of the bank who took part in the negotiations for
the purchase of the note did so in good faith, without
notice of any defenses or infirmities in the note. In
this case the officers who had nothing to do with the
transaction testified that they had no notice or knowledge
of any defenses or infirmities in the note, but the cashier
of the bank who purchased the paper, and who had con-
versations with the stock salesmen and with the defend-
ants, and who in fact had exclusive charge of the
transaction, very carefully refrained from going into
the transaction at all, though he was a witness for the
plaintiff bank.

Under this state of the record, we think the plaintiff

has not sustained the burden of proof as to being a holder in due course. Rev. St. 1913, secs. 5370, 5373, 5374, 5377; *Ostenberg v. Kavka*, 95 Neb. 314.

The trial court therefore erred in directing the jury to return a verdict for the plaintiff, and the judgment is therefore reversed.

REVERSED AND REMANDED.