MERCHANTS NATIONAL BANK, APPELLEE, v. NOAH PETERSON, APPELLANT.

FILED DECEMBER 30, 1922.    No. 22202.

1. **Notes:** ACTION BY INDORSEE: GOOD FAITH: PROOF. Where fraud in the inception of a note is pleaded as a defense and supported by proof, in an action by a bank, the indorsee, against the maker, the burden is on the bank to show that it is a *bona fide* holder, but in order to sustain this burden it is not necessary

in every case that the *bona fides* of the transaction be proved by the testimony of each and every officer or agent of the bank who has had some part in the acquisition of the note.

2. ———: ———: ———: ———. The good faith, or lack of good faith, of the holder of negotiable paper, like any other question of fact, may be susceptible of proof in a variety of ways. These include books of account, the oral testimony of witnesses and all pertinent facts and circumstances surrounding the transaction.

3. Case Distinguished. Paragraph 2 of syllabus in *Riverton State Bank v. Walker*, 107 Neb. 672, distinguished.

4. Rulings of the court on the exclusion of certain evidence offered by defendant *held* free from error.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*North & Donovan,* for appellant.

*I. J. Dunn, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN and FLANSBURG, JJ., REDICK and SHEPHERD, District Judges.

MORRISSEY, C. J.

This is an action brought to recover judgment against defendant on a promissory note for $6,000, executed and delivered by defendant to the Industrial Chemical Supply Company, a corporation, and by that company indorsed and delivered to plaintiff, before maturity, as collateral security for a loan. The petition is in the usual form. By answer defendant alleged that the note in suit had been procured by the payee by means of fraud, and that plaintiff had notice of the fraud, or was chargeable with notice, at the time of the acceptance of the note from the payee. The reply denied the allegations of fraud; denied that plaintiff had any notice of fraud having been practiced by the payee upon the maker of the note, or that plaintiff was in possession of any facts sufficient to suggest that the payee had practiced any fraud or deception on the maker of the note whereby he was induced to execute the note. There was the further allegation

that defendant failed to take any steps to rescind his contract and recover his note upon the discovery of the fraud, if any there was, until after the payee had become insolvent.

A jury was impaneled to try the issues presented. After a trial, which lasted several days, both sides rested. Defendant moved the court to instruct the jury to return a verdict in his favor. Plaintiff moved the court to direct the jury to return a verdict in its favor or to discharge the jury and enter judgment in favor of plaintiff against defendant for the amount prayed. Defendant's motion was denied. Plaintiff's motion was sustained and judgment entered in favor of plaintiff.

Defendant has appealed. The assignments of error are: The court erred in sustaining plaintiff's motion to discharge the jury and enter a judgment in its favor; and the court erred in excluding certain testimony offered by defendant.

The point which seems to be urged with greatest force is that the president of the bank, who was the directing head of the institution at the time the note was accepted as collateral, although having some knowledge of the transaction, was not put upon the witness-stand to testify in behalf of plaintiff, and thereby show directly that he as well as all other officers or agents of the bank who had taken part in the negotiations for the acquisition of the note did so in good faith and without notice of any defense to or infirmity in the note. This contention is based upon the language of the court in *Riverton State Bank v. Walker*, 107 Neb. 672, wherein it is said: "In an action by a bank against the maker, upon a promissory note, when it is shown that the note for which the note in suit was given in renewal was obtained by fraud practiced upon the maker, the bank, in order to recover, must prove that all the officers or agents of the bank who took part in negotiations for the purchase of the original note did so in good faith, without notice of any defense or infirmity in the note."

. Prior to the. trial the .president . of plaintiff was in failing health, but his illness was not of such a character· as to ·prevent his attendance from day to day for a few hours at the banking house of plaintiff until after the trial had , begun, when his condition became more serious. Then, by the direction of his .physician he remained at his home and in bed. Defendant asked· that he be brought· into court as a witness.. Plaintiff's counsel asked · that his testimony be taken ·at his. home. The court consented to accompany the ·court ·reporter and respective counsel ·to the home of . the . desired , witness and ·attend the taking. of his testimony. . Defendant's counsel declined to go to the home of the witness or to attend the taking of his testimony. His testimony was .taken by the court ,reporter .and. offered in evidence, but, on ob· jection of defendant's counsel, was excluded from the ·record.

As appellant's counsel read the language quoted from *Riverton State Bank v. Walker, supra,* it would have been incumbent upon plaintiff to prove by the testimony of each and every .officer or .agent of the bank who was in any way. connected with the acquisition of the note in suit that whatever he did in that regard he did in good faith, and without notice of any defense to or infirmity in the note. Perhaps the language quoted, when standing alone, is susceptible of the construction given it by counsel for appellant, but it ought to be .read in connection with that paragraph of the opinion wherein the rule is incorporated. There was there presented a different state of facts from that presented here. The true rule is: "Where fraud in the inception of a note is pleaded as a defense and supported by proof, in an action by an indorsee against the maker, the burden is on plaintiff to show he is a *bona fide* holder." *Central Nat. Bank v. Ericson,* 92 Neb. 396. See *Peoples Trust & Savings Bank v. Rork,* 96 Neb. 415; *Union Nat. Bank v. Moomaw,* 106 Neb. 388; *Auld v. Walker,* 107 Neb. 676. But it is not necessary in every instance where the defense of

fraud is made; as in the instant case, that the holder of the note make this proof out of the mouth of each and every employee or agent who has had some part in the taking of the note. The good faith, or lack of good faith, o' the holder of negotiable paper, like any other question of fact, may be susceptible of proof in a variety of ways. These include books of account, the oral testimony of witnesses and all pertinent facts and circumstances surrounding the transaction. Cases may frequently arise where an officer or agent of a bank may be unable to testify because of sickness; he may be absent from the jurisdiction of the court and his whereabouts be unknown, or his lips may be sealed in death. The rule invoked by appellant would defeat justice and we cannot adopt it as the law of this state.

As to the second assignment, it may be said that an examination of the record, so far as it pertains to the evidence excluded, discloses that its chief purpose was to show the fraud practiced by the payee upon the maker of the note. Since each party elected by his motion to dispense with the jury and submit to the court the disputed questions of fact, we cannot say that the court's ruling on this evidence would be prejudicial error in any event. The court may have reached the conclusion that fraud had been practiced by the payee in securing the note. The evidence would support such a finding. But, even had the evidence excluded been received, it would not support a finding that plaintiff was a party to the fraud or had notice of any deception having been practiced upon defendant at the time he made the note. Some of the evidence offered and excluded was merely hearsay; other portions of such evidence were merely cumulative.

No prejudicial error is found in the record, and the judgment is

AFFIRMED.