RIVERTON STATE BANK, APPELLANT, V. EDSON L. WALKER
ET AL., APPELLEES.

FILED JULY 1, 1925. No. 24005.

1. **Appeal: INCOMPETENT EVIDENCE.** The reception, over objection, of incompetent evidence that is calculated to prejudice the rights of the objecting party constitutes reversible error.

2. **Bills and Notes: BONA FIDE PURCHASER.** "To defeat a recovery on a promissory note in the hands of an indorsee, who takes it before maturity for a valuable consideration, in the ordinary course of business, without notice, it is not sufficient to show that it was taken under circumstances which might excite suspicion in the mind of a prudent man, but it must be shown that the indorsee took the paper under circumstances showing bad faith or want of honesty on his part." *Norwood v. Bank of Commerce*, 77 Neb. 205.

APPEAL from the district court for Franklin county: WILLIAM A. DILWORTH, JUDGE. *Reversed.*

*Byrum & Thompson* and *Bernard McNeny*, for appellant.

*M. L. Donovan* and *George J. Marshall*, contra.

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD and EVANS, JJ., and REDICK, District Judge.

GOOD, J.

This is the second appearance of this case in this court. The former opinion is reported in 107 Neb. 672, reference to which is made for a more complete statement of the issues.

This is an action on a promissory note by the payee against the makers. The note in controversy is a renewal of a previous note, given by the same makers to the Missouri Valley Cattle Loan Company, and purchased before its maturity for value by plaintiff. The defenses pleaded are that the previous note was without consideration and was procured by fraud, and that plaintiff was not an innocent holder; also that plaintiff and its officers had conspired with the Missouri Valley Cattle Loan Company and its officers and agents to perpetrate a fraud upon the defend-

Riverton State Bank v. Walker.

ants in inducing them to purchase stock in said cattle loan company. Defendants had the verdict and judgment thereon, and plaintiff has appealed.

It is conceded, or appears without dispute, that there was fraud in the inception of the note given to the cattle loan company; that defendants received practically no consideration for the note; and that plaintiff purchased the note before maturity, in the ordinary course of business, for value. There is no competent evidence that plaintiff, or any of its officers, entered into any conspiracy with the cattle loan company, or its officers or agents, to defraud the defendants. The only question for determination is whether plaintiff purchased the note in good faith and without notice of infirmity therein.

Among the errors assigned by plaintiff are the admission of evidence, over objection, and the giving of certain instructions.

Defendant Vansyckle, over objection, was permitted to testify to a conversation, had with one Cohn, without the presence of any officer or agent of the plaintiff bank. Cohn was an agent of the Missouri Valley Cattle Loan Company for the sale of its stock, and, in attempting to sell stock to Vansyckle, made certain statements concerning the relations between the cattle loan company and the plaintiff bank, and of the latter's knowledge of the affairs of the loan company. The evidence was purely hearsay and was therefore incompetent. It was of a nature calculated to prejudice the rights of plaintiff in the action then on trial. The reception of incompetent evidence, over objection, that is calculated to prejudice the rights of the objecting party constitutes reversible error.

One of the instructions of which plaintiff complains told the jury that—"If the proposed purchaser, before the purchase of the note, learns some facts which although in themselves would not make him believe the note was obtained by fraud but that would put a reasonably prudent man upon inquiry to determine whether or not it was obtained by fraud, it then becomes the duty of the proposed purchaser

to make such an investigation, and if he does not make such an investigation and it later develops that if he had made such an investigation he would have learned of the fraud, then in such a state of circumstances he would not be, in the eyes of the law, an innocent purchaser, and the note would be subject to the same defenses in his hands, that it would be in the hands of the original payee; and this would be true even though he paid the full face value for the note." A somewhat similar instruction was condemned by this court in *Benton v. Sikyta,* 84 Neb. 808.

The correct rule, applicable to the case, is set forth in *Norwood v. Bank of Commerce,* 77 Neb. 205, in the following language: "To defeat a recovery on a promissory note in the hands of an indorsee, who takes it before maturity for a valuable consideration, in the ordinary course of business, without notice, it is not sufficient to show that it was taken under circumstances which might excite suspicion in the mind of a prudent man, but it must be shown that the indorsee took the paper under circumstances showing bad faith or want of honesty on his part."

In *Howells State Bank v. Hekrdle, ante,* p. 561, it is held: "It is not sufficient to show that the indorsee took the note under circumstances which ought to excite suspicion in the mind of a prudent man, but it must be shown that he took the paper under circumstances showing bad faith or want of honesty on his part."

The instruction given did not correctly state the law applicable to the case, and constituted prejudicial error.

We refrain from discussing other assignments of error, as they are not necessary to a determination of this case and are not likely to occur in a subsequent trial. We feel impelled, however, to make this observation: Without apparent reason, counsel for the defendants, by a continued and persistent course of leading and suggestive questions, and by a series of questions suggesting or imputing to witnesses for the plaintiff improper conduct and motives, may have improperly influenced the jury in their deliberations.

Such a course of conduct should be avoided on a future trial.

For the reasons given, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.