W. Dale Stepp, Respondent, v. C. M. Livingston, Appellant.

Kansas City Court of Appeals, November 22, 1897.

1. **Pleading: DEPARTURE.** The pleadings in this case are reviewed and it is *held* that the issues tried by the evidence and the instructions are within the paper issues made by the pleadings and that there was no departure.

2. **Splitting Demands: RECORD.** The record in this case discloses no reason for the application of the rule that demands can not be split.

3. **Quantum Meruit: APPELLATE PRACTICE: RECORD.** As there is no objection in the record by instruction or in any other appropriate manner, the question of *quantum meruit* being the proper remedy is not for review.

*Appeal from the Grundy Circuit Court.*—Hon. S. C. Price, Special Judge.

Affirmed.

*Luther Collier* and *A. H. Burkeholder* for appellant.

(1) A plaintiff can not abandon his petition and recover upon a cause of action stated in his reply for the first time, and unless the judgment is supported by proof of the allegations of the petition it will not be upheld. *Crawford v. Spencer*, 36 Mo. App. 78, 82; *Hill v. Mining Co.*, 119 Mo. 9, 30; *Mohney v. Reed*, 40 Mo. App. 99, 110, and cases cited; *McMahill v. Jenkins*, 69 Mo. App. 281. (2) It is the well settled law of the state that the splitting of a demand without defendant's consent gives the assignee no right of action against defendant and transfers no interest in the

claim to the assignee. *Love v. Fairfield*, 13 Mo. 300, 304; *Burnett v. Crandall*, 63 Mo. 410, 413; *Loomis v. Robertson*, 76 Mo. 488, 491; *Bank v. Noonan*, 88 Mo. 372, 387; *Gerhart v. Fout*, 67 Mo. App. 423, 426; *Leonard v. R'y*, 68 Mo. App. 48, 51; *Pettit v. Ins. Co.*, 69 Mo. App. 317.

*W. Dale Stepp* and *Geo. Hall & Son* for respondent.

(1)   Defendant having failed to except to the ruling of the court in overruling his motion to strike out the part of the reply claimed to be a departure, or preserve the same in his bill of exceptions, or call the trial court's attention to the alleged error in the motion for a new trial, can not be heard to object now. *Childs v. R'y*, 117 Mo. 414; *Judy & Co.'s Surviving Partner v. Ice Mfg. and Storage Co.*, 60 Mo. App. 114; *McManus v. Watkins*, 55 Mo. App. 92; *Parker v. Straat*, 39 Mo. App. 616; *Hammond v. Relf, Chew and Clark*, 1 Mo. 232; *Butcher v. Keil & Butcher*, 1 Mo. 262; *Bacon v. Perry*, 25 Mo. App. 73; 1 McQuillin's Pleading and Practice, secs. 902, 904. (2)   Defendant fails to allege in his answer that there was only a part of Black's claim assigned to plaintiff. There was no such issue made by the pleadings. The trial issues must be within the paper issues. *Whitlock v. Appleby*, 49 Mo. App. 295; *Mfg. Co. v. School District*, 54 Mo. App. 371–378; *Aultman Taylor Co. v. Smith*, 52 Mo. App. 351; *Wright v. Fonda*, 44 Mo. App. 634; *George v. R'y*, 40 Mo. App. 433, opinion 447; *Bank v. Murdock*, 62 Mo. 70, opinion 73; *Crews v. Lackland*, 67 Mo. 619–622; *Lenox v. Harrison*, 88 Mo. 491–495; *Merrett v. Poulter*, 96 Mo. 237; *Nall v. Railroad*, 97 Mo. 68; *Bender v. Dungan*, 99 Mo. 126–131. (3)   There was no splitting of a demand as contended by appellant

in this case. A party has a right to remit a part of his demand or sue for a part of it, and a recovery for the part is a bar to further suits. McQuillin's Plead. and Prac., sec. 195; *Ruddle v. Horine*, 34 Mo. App. 616; *Green v. Von-der-Ahe*, 36 Mo. App. 394; *Steiglider v. R'y*, 38 Mo. App. 511; *Skeen v. Engine and Thresher Co.*, 42 Mo. App. 158.

SMITH, P. J.—This is an action of *indebitatus assumpsit* to recover for personal services.

The petition alleged that one Black "at the special instance and request of the defendant, sold a large amount of goods, wares and merchandise PLEADINGS. and for which services the defendant was justly indebted to him, the said Black, in the sum of $425, which sum is now due and unpaid." It was also further alleged that the said Black had assigned the said account to the plaintiff.

The answer denied generally the allegations of the petition. This was supplemented with the further allegation that defendant employed said Black as a salesman in the boot and shoe department of defendant's mercantile business at a salary at the rate of $1,000 per year, with an additional allowance of two per cent on all sales in the boot and shoe department above $10,000 and up to $50,000 per year, and one per cent on all sales above $50,000 and up to $1,000,000, and one half of one per cent on all sales above $100,000 per year; but unless the sales in said department made by said Black should amount to as much as $30,000 per year, defendant was not to pay said Black any percentage, nothing above his salary at the rate of $1,000 per year. That under said contract said Black was not entitled to any commission whatever, that the services of said Black under said contract with defendant terminated on or about the sixteenth day of August, 1895,

and during the whole term of his employment the sales in the boot and shoe department of defendant's business, managed by said Black under said agreement, amounted to only $18,484.30.

The replication contained a general denial, followed with an admission that the defendant had employed said Black as stated in his answer at a salary of $1,000 per annum with an additional allowance of two per cent on all sales up to $50,000 per annum. It is also therein alleged that "said Black had between the first day of March and the sixteenth day of August, 1895, sold $31,000 worth of boots and shoes under said contract," and that two per cent commission on this diminished by defendant's account against said Black, amount to $425, amount sued for.

These pleadings may be fairly paraphrased in this way: that plaintiff in his petition said to the defendant, "you are justly indebted to me (plaintiff) in the sum of $425 for services rendered to you by Black at your request in making sales of your merchandise." The defendant by his answer says to plaintiff: "No, I do not owe you anything on account of the services of Black, because he was to receive while in my employ for his services $1,000 per annum and an additional sum of two per cent commission on all sales above $10,000 and up to $50,000 per annum, but unless his sales amounted to $30,000 a year he was to receive no percentage whatever. His sales amounted to only $18,484.30, and as it is conceded I paid him his $1,000 salary I am in no way indebted to him or to you, his assignee."

To this plaintiff replied: "I admit Black entered into the contract you state, but I deny that he sold only the amount of goods you name, but on the contrary I say that his sales between March 1 and August 16, 1895, —the latter date being that on which you quit busi-

ness—amounted to thirty-one thousand dollars, so that two per cent on that amount, less the amount due you by said Black, still leaves the amount due by you that I claim.''

The theory upon which the case was submitted to the jury by the instructions requested by both plaintiff and defendant was that the plaintiff's right to recover depended upon whether Black's sales, during the period of his employment, amounted to $30,000 or were at the rate of $30,000 per annum. There is no complaint here that there was any error committed in the giving of any of the instructions, nor in the reception or rejection of any evidence.

The defendant contends that the record discloses a fatal error in that the plaintiff abandoned his petition by filing his replication setting up a PLEADING: departure. different cause of action and thereby departing from the allegations of his petition. An examination of the pleadings and instructions clearly shows that the issue submitted by the latter was made by the former. The trial issue was within the paper issues. If it were disclosed by the record that the plaintiff recovered on a cause of action stated in his reply, but not in his petition, it would be our duty to reverse the judgment. It is always error for a court to submit to a jury an issue not made by the pleadings, but no such case is disclosed by the present record.

All the evidence is not presented by the bill of exceptions. We must presume that there was evidence introduced to justify the finding of the issue embraced within the 'hypothesis of the instructions already referred to, for the plaintiff. If there was any matter in the replication that was not consistent with the petition, or that was a departure from its allegations, the same was disregarded in the submission of the

issue to the jury and consequently no injury resulted to defendant therefrom. We think when the pleadings are thoroughly sifted it will be found that there was but one material issue left for the jury to try, and that was the one which, as already stated, was submitted. We are therefore unable to discover any such departure in the replication as is fatal to the judgment.

The rule to the effect that the splitting of a demand without the debtor's consent gives the assignee no right of action and transfers no interest in the claim to the assignee is recognized in many adjudications in this state. *Alkire v. Taggart*, 60 Mo. App. 389, and cases cited in defendant's brief. But there is nothing in the record in this case to justify the application of the rule.

SPLITTING demands: record.

It may not be improper to remark, in conclusion, that the question as to whether the plaintiff could sue and recover on a *quantum meruit*, as he did, instead of suing on the special contract alleged in the answer, and substantially admitted by the replication, does not properly arise in the case. It does not appear that the defendant by objection to evidence, instruction, or in any other appropriate manner, raised this question, and therefore we do not feel called upon to consider it.

QUANTUM meruit: appellate practice: record.

The judgment we think is for the right party and will be affirmed. All concur.