C. R. EDINGTON, *Appellant*, v. A. D. McLEOD et al.,
*Appellees.*

No. 17,711.

### SYLLABUS BY THE COURT.

PROMISSORY NOTE — *Material Alteration* — *Mortgage Security Still Enforceable.* A promissory note altered by the payee by increasing the rate of interest without fraudulent intent, to make it conform to the contract in pursuance of which it was given, is avoided, but a mortgage given to secure it is not vitiated by the alteration of the note, and may be enforced for the original consideration if otherwise valid.

Appeal from Washington district court. Opinion filed June 8, 1912. Reversed.

*G. T. Helvering, Edgar Bennett,* and *R. L. Helvering,* for the appellant; *Charles D. Shukers,* of counsel.

*T. P. Roney,* and *J. W. Rector,* for the appellees.

### STATEMENT.

This action is to recover upon a promissory note made by the appellees, McLeod and wife, and for the foreclosure of a mortgage given to secure it. The defense is that the note was fraudulently altered without consent of the makers by increasing the rate of interest as written therein whereby the obligation was avoided. The reply admitted that the rate of interest specified in the note as six per cent had been changed to seven per cent, but averred that this was done with the consent of the makers to conform to the terms of a contract, in pursuance of which it had been given. A copy of the contract referred to was attached to the reply.

The undisputed facts are that the appellant and A. D. McLeod, one of the appellees, entered into a written contract for the exchange of a stock of goods owned by the appellant for land owned by McLeod. It contained a stipulation that any difference in the invoice

price of the goods, $3000, and the value of the land should be settled by mortgage upon lots described in the contract to run for six months and bear interest at the rate of seven per cent. The invoice was then taken showing an excess of $790 in value over the agreed price of the land. Thereupon McLeod and wife made and left at the bank for the appellant their promissory note for the amount, but bearing interest at six per cent, together with their mortgage upon the lots, as provided in the contract of exchange, containing a recital that it was given "to secure the payment of the sum of Seven Hundred Ninety no-100 Dollars, according to the terms of a certain promissory note this day executed and delivered." On calling for the securities the appellant noticed that the rate of interest was stated at six per cent instead of seven per cent, as provided in the contract. The mortgaged property was the homestead of McLeod and wife. The wife was not a party to the contract of exchange.

After noticing that the rate of interest written in the note was six per cent the appellant went to the residence of the makers to inquire about the variance. The evidence concerning that interview is conflicting. The appellant testified that he called the attention of McLeod, in his wife's presence, to the fact that the rate of interest as written in the note was not according to the contract, and that McLeod said "Well change it," and that he did change it at that time in the presence of McLeod and wife, McLeod furnishing a knife for the erasure, and that Mrs. McLeod was in the room where she could hear the conversation and made no objections. Mr. McLeod admitted that his attention was called to the fact that the note should have been for seven per cent interest, but testified that he remarked "How is that?" and that the appellant then said "Well, in the agreement it was to be seven per cent." Whereupon he (McLeod) said that he did not think so and asked where the agreement was. The appellant replied

that it was at home and immediately left. McLeod denied that the note was changed in his presence or with his consent, and also testified that his wife was not present at the interview. The note and mortgage were written by a banker acting for both parties. McLeod on cross-examination admitted that it was his intention to have both the note and mortgage follow the contract with respect to the rate of interest.

Mrs. McLeod testified that she was not present at any time when the note was changed and did not consent to any alteration; that her consent was never requested; that she was not notified that the change had been made; and that she had no conversation with the appellant about the note at all, although she admitted that he called at her home on the morning after she signed the papers at the bank and inquired if they had the business fixed up and the mortgage signed. She further testified that she noticed the rate of interest— six per cent—in the note when she signed it; that she knew that her husband and Mr. Edington (appellant) were making a trade; that she understood that she was signing the note and mortgage for the purpose of carrying out that trade, and in signing the papers she intended to secure Mr. Edington on the balance; but that the rate of interest had not been mentioned to her; that she had not seen the contract, but that it was her intention to make the note and mortgage to carry out her husband's agreement, whatever that agreement was.

The trial was without a jury. The court made a general finding for the defendants and entered judgment accordingly.

The opinion of the court was delivered by

BENSON, J.: The general finding for the appellees determines the disputed facts as testified to by them. It therefore must be taken as a fact that the alteration of the note was made without their consent. As it changes the sum payable it is material and avoids the

note. (Neg. Inst. Law, Gen. Stat. 1909, §§ 5377, 5378; *Davis v. Eppler,* 38 Kan. 629, 16 Pac. 793; *Insurance Co. v. Martindale,* 75 Kan. 142, 88 Pac. 559; *Merritt v. Dewey,* 218 Ill. 599, 75 N. E. 1066.)

The appellant contends that recovery should have been allowed upon the mortgage, although denied upon the note.

It was held in *Hocknell v. Sheley,* 66 Kan. 357, 71 Pac. 339, that:

"The fraudulent alteration of a promissory note in a material respect destroys the note as a cause of action and will defeat a recovery on the original consideration, and if the note is secured by a mortgage such alteration operates to discharge the mortgage." (Syl.)

The alteration in that case was found to have been fraudulently made and the opinion is based upon that finding.

In an action to enforce the lien of a chattel mortgage where the accompanying promissory note had been innocently although materially altered, it was said in *Simpson v. Sheley,* 9 Kan. App. 512, 60 Pac. 1098, that:

"Justice and the authorities unite in holding that in such a case the mortgagee may enforce his mortgage notwithstanding the alteration of the note, if the debt still exists and can be proved independently of the altered note." (p. 515.)

The principle so declared by the court of appeals is sustained by many authorities. (*Clough v. Seay,* 49 Iowa, 111; *Jeffrey v. Rosenfeld,* 179 Mass. 506, 61 N. E. 49; *Walton Plow Co. v. Campbell,* 35 Neb. 173, 52 N. W. 883, 16 L. R. A. 468; *Matteson v. Ellsworth,* 33 Wis. 488; *Smith v. Smith,* 27 S. C. 166, 3 S. E. 78, 13 Am. St. Rep. 633; 2 Cent. Digest, Alt. of Inst. § 160; 1 Dec. Digest, Alt. of Inst. § 20.)

In a note on the Alteration of Instruments, in 86 Am. St. Rep. 123, the principle is thus stated:

"But if the alteration of the note was without fraud-

ulent intent, it will vitiate only the instrument altered and the mortgage still remains a valid security for the original consideration."

The action was not only upon the note but upon the mortgage, and the contract was pleaded in the reply. The whole transaction was before the court. The property was a homestead and Mrs. McLeod was in the situation of a surety, but she freely consented to the lien to secure an obligation which she fully understood and executed the mortgage jointly with her husband. As the law allows six per cent interest in such a transaction she is chargeable with knowledge of that rate, independently of the note. The mortgage with interest at that rate is the very obligation that she intended to give, and justice requires that it be enforced. While the general finding may be interpreted to include a finding that the alteration was made fraudulently, the evidence, including the testimony of the parties who seek to be released, proves the contrary.

The judgment is reversed with directions to enter judgment for appellant for the amount due upon the mortgage, including interest from its date computed at six per cent per annum, and for foreclosure of the mortgage. . (Civ. Code, §§ 581, 594; *Worth v. Butler*, 83 Kan. 513, 520, 112 Pac. 111.)