BANK OF FLAT RIVER, Respondent, v. B. WALTON et al., Appellants.

St. Louis Court of Appeals, February 2, 1915.

1. **BILLS AND NOTES: Alteration Without Fraudulent Intent.** An alteration of a promissory note will not prevent a recovery on the original consideration for which the note was given, where the alteration was not made with fraudulent intent.

2. **APPELLATE PRACTICE: Conclusiveness of Verdict.** The finding of a jury on substantial evidence is conclusive, on appeal.

3. **BILLS AND NOTES: Alteration: Spoliation by Stranger.** The spoliation of a promissory note by a stranger does not constitute an alteration so as to make it void, so far as the holder is concerned, unless he subsequently ratifies the stranger's act.

4. ———: ———: ———. A real estate broker, authorized by a bank to sell property owned by it and accept a deed of trust securing the unpaid portion of the purchase price, by mistake

took a note for a less amount than the agreed purchase price, and, after he had consummated the sale and wholly completed his undertaking as the bank's agent, delivered the papers to the bank, whereupon his attention was called to the mistake, and, before he could be prevented from so doing, he changed the figures showing the amount of the principal, but was prevented by the cashier from making any further change, and did not change the body of the note, which contained a written recital of the amount promised to be paid. *Held*, that in no event could the change be said to have been made with fraudulent intent; *held, further*, that the change was unauthorized by the bank, and, not having been ratified by it, was not an alteration of the note, but a spoliation thereof by a stranger; and hence it did not prevent a recovery by the bank on the original consideration for which the note was given.

Appeal from St. Francois Circuit Court.—*Hon. Peter H. Huck,* Judge.

AFFIRMED.

*R. C. Tucker* and *H. B. Ledbetter* for appellant.

(1)  The court erred in not sustaining the demurrer of the defendants to the petition of the plaintiff, because the plaintiff's petition shows on its face that the defendants made, executed and delivered to the plaintiff their promissory note for the purchase price of the property described in the petition, which is a special contract, and where there is a special contract, the plaintiff cannot abandon the special contract and sue in assumpsit. Christy v. Price, 7 Mo. 430; Johnson v. Strader, 3 Mo. 359; Lindersmith v. South Mo. Land Co., 31 Mo. App. 262; Davidson v. Biermann, 27 Mo. App. 656.  (2)  It being conceded by the plaintiff that defendants executed their promissory note for the purchase price of the property, the court erred in admitting oral evidence, attempting to show that the purchase price of the property was other than that expressed in the note. Clamorgan v. Guisse, 1 Mo. 141. (3)  The purchase price of the property having been reduced to writing, the writing was the only

legal evidence of the purchase price, the court therefore erred in permitting the plaintiff to introduce oral evidence which would contradict the writing. Harrington v. Brockman Com. Co., 107 Mo. App. 418; Squire v. Evans, 127 Mo. 518; Mfg. Co. v. Jaeger, 81 Mo. App. 239. The plaintiff by its own act in altering the note destroyed the only legal evidence as to the purchase price of the property, and will not be permitted to take advantage of its own wrongful act, and show by oral evidence that the purchase price was anything other than that expressed in the writing. If a party by his own act so alters an instrument that all remedy thereon is lost, he cannot by any other evidence establish the covenants or promises contained therein. Whitener v. Fray, 10 Mo. 348. (4) It is now settled in both English and American jurisprudence, that a material alteration in any commercial paper without the consent of the party sought to be charged, extinguishes his liability, the grounds of discharge is, that it is no longer the contract that the party entered into and further to prevent the tampering with such instruments, the law does not permit the plaintiff to fall back upon the contract as it was originally. McMurtry v. Sparks, 71 Mo. App. 126; McCormick Harvesting Machine Co. v. Blair, 146 Mo. App. 347.


*Benj. H. Marbury* for respondent.


(1)  The petition of plaintiff is in the usual form and states a cause of action, and especially on demurrer, when everything therein pleaded, is admitted. Book Company v. Cobett, 163 Mo. App. 72; O'Bryan v. Jones, 38 Mo. App. 90; Holland v. Rougey, 168 Mo. 19; Verdin v. City, 131 Mo. 26; Nat. Bank v. Trustees, 68 Mo. App. 114; Goodson v. Goodson, 140 Mo. 206. The demurrer of defendants is of no avail, since after the demurrer was overruled, defendants filed their answer and pleaded to the merits. McEntee v. Bright, 224 Mo.

514; Richardson v. Pitts, 71 Mo. 128. (2) The court did not commit error in overruling defendant's demurrer at the close of all the evidence; for whether the facts are disputed or undisputed, if different minds might honestly draw different conclusions from them, the case should properly be left to the jury. Knapp v. Hanley, 108 Mo. App. 360; O'Millia v. Railroad, 115 Mo. 221; Forbs v. Dunnavant, 198 Mo. 193. (3) The defendants gave their promissory note for their own debt, and there was no express agreement between the plaintiff and defendants that the note was to satisfy and pay off the debt and was not thereby an accord and satisfaction of the original cause of action; and, if the note was not paid an action may be maintained on the account upon the surrender of the note and its cancellation. Book Company v. Cobett, 162 Mo. App. 72; Holland v. Rougey, 168 Mo. 19; McMurray v. Taylor, 30 Mo. 263; Harvester Co. v. Blair, 146 Mo. App. 380; Bertiaux v. Dillon, 20 Mo. App. 603; Howard v. Jones, 33 Mo. 583; Powell v. Blow, 34 Mo. 485; Block v. Dorman, 51 Mo. 31; Leabo v. Good, 67 Mo. 126; Commisky v. McPike, 20 Mo. App. 82. (4) To enable the appellants to defeat both the altered note and the right to recover on the original consideration, it devolves upon them to allege in their pleading and prove that such alteration was made for a fraudulent purpose. Neither the answer alleged this fraudulant purpose, nor did the proof attempt in the slightest to tend to prove fraud. Harvester Co. v. Blair, 146 Mo. App. 382; 2 Am. and Eng. Ency. Law (2 Ed.), pages 186, 187, 200 and 202; Book Co. v. Cobett, 162 Mo. App. 72; Holland v. Rougey, 168 Mo. 19. (5) There being material evidence warranting the jury in finding for the plaintiff, this court will not assume to try the facts, but will affirm the judgment. Forbes v. Groves, 134 Mo. App. 720; Kelley v. Railroad, 151 Mo. App. 307; Telephone Co. v. Estate, 153 Mo. App. 404.

ALLEN, J.—This is an action to recover a balance of $440 claimed to be due plaintiff upon the purchase price of a house and lot. Plaintiff alleges that the property was sold defendants for the agreed price of $450; that defendants paid plaintiff $10 thereon, leaving the said balance of $440 due plaintiff.

Defendants' answer sets up that the purchase price of the property was $350, that they made a cash payment of $10 and executed a note for $350, and paid plaintiff certain interest charges in advance and a recording fee for recording a deed of trust securing the note. And it is averred that the note was altered afterwards by plaintiff, without the knowledge and consent of defendants, whereby the amount thereof was changed from $340 to $440..

The trial before the court and a jury resulted in a verdict and judgment for plaintiff for the sum of $387.85, and the defendants appealed.

The evidence shows that plaintiff bank had for sale certain small houses, which had been placed in the hands of a firm of real estate brokers, consisting of one R. G. Ramsey and his son S. H. Ramsey; and that the house here in question was sold to defendants, husband and wife, by such brokers. There is a conflict in the testimony as to what was the purchase price of the house orally agreed to be paid by defendants. The evidence in behalf of plaintiff is to the effect that the agreed purchase price was $450, $10 to be paid in cash, and a note to be given for the remaining $440 secured by a deed of trust upon the property, but that one of the brokers, S. H. Ramsey, who consummated the transaction with defendants, by mistake had defendants sign a note for $340 instead of for $440. It is said that this mistake occurred by reason of the fact that the brokers had for sale another house belonging to plaintiff, near the one sold to defendants, which they were authorized to sell for $350; and that inadvert-

187MoApp40

ently the wrong note was used in consummating the sale. The deed of trust was never recorded, and it appears that it was lost. There was testimony, however, that a copy of the note, for $340, was pasted in the deed of trust, but that in the latter the purchase price was referred to as being $450.

The evidence is that when S. H. Ramsey brought these papers to the bank and delivered them to the cashier, the latter called his attention to the mistake, and that thereupon he took the papers and started to change the note, and did change the figures thereof from $340 to $440; that the cashier at once interfered, preventing further alteration in the paper without the consent of the makers. It appears that the agent then undertook, without success, to get defendants' consent to have the amount of the note changed to conform to what was claimed to have been the real transaction.

Defendant B. Walton testified that the property was sold for $350, and that he and his wife signed a note for $340, and that any change therein was wholly unauthorized. And he and other witnesses testified that he offered to make payments to plaintiff in accordance with what he claimed to have been the real transaction.

The sale was made March 1, 1909, and the property conveyed to defendants; and the note of that date, was by its terms due and payable ninety days thereafter. Defendants promptly entered into possession of the property, and have since retained possession thereof. The suit proceeds for the recovery of the original consideration unpaid, apart from the note itself; and the latter was duly tendered into court for cancellation.

The theory pursued by defendants, appellants here, is that the alteration in the note, without their authority or consent, prevents any recovery whatsoever by plaintiff in this action. But a reading of the record has convinced us that there is no merit in this contention. At the outset it may be said that the change made

in the face of the paper will not prevent a recovery of the original consideration, unless it is found that it was made with fraudulent intent. [See Harvesting Co. v. Blair, 146 Mo. App. 374, 124 S. W. 49; Marth v. Wiskerchen, 186 Mo. App. 515.] It does not appear that it could here well be said that the change in the paper was prima facie fraudulent, for it seems that the body of the instrument was never changed, and that the only alteration was in the figures. [See Sec. 9988, Rev. Stat. 1909.] But in any event the evidence was overwhelming that the figures in question were not changed with any fraudulent intent, and this matter was submitted to the jury, whose verdict must be held to be conclusive thereupon.

But aside from this it appears the change that was made in the paper was not such as to constitute an alteration, in the proper sense of that word, but rather a spoliation thereof by a stranger to the paper. It is true that S. H. Ramsey and his father, as real estate brokers, were authorized by plaintiff to sell the property for $450, and to accept a note and deed of trust securing the unpaid portion of the purchase price; but it clearly appears that it was not within the scope of their employment or authority to make the change in the paper which S. H. Ramsey made in the presence of the cashier of plaintiff bank. Touching this matter all of the evidence is that the papers were delivered to the cashier by S. H. Ramsey, after the latter had consummated the sale and wholly completed his undertaking as plaintiff's agent; that upon inspecting the papers the cashier called Ramsey's attention to the mistake of $100 in the note, whereupon Ramsey took up the papers and, before he could be prevented from so doing, changed the figure "3" to "4", making the amount of the note, as shown by the figures, $440 instead of $340. And it is said that the cashier at once interfered and prevented any further change in the note, or in the duplicate thereof contained in the

deed of trust. Under such circumstances plaintiff cannot be held bound by Ramsey's unauthorized act, unless by subsequent ratification thereof. [See Hays et al. v. Odom, 79 Mo. App. 425; Lubbering v. Kohlbrecher, 22 Mo. 596; 2 Cyc. 155.] And it does not appear that plaintiff did anything which could constitute a ratification of such unauthorized 'act. Plaintiff refrained from recording the deed of trust, and has not sought to enforce the note which it duly tendered into court for cancellation.

Other points made are not controlling and need not be discussed. The verdict of the jury appears to be for $340 with accrued interest thereon, whereby defendants are required to pay only the amount which they claim to have agreed to pay for the property. Under the circumstances we think that defendants have no just ground to complain of the verdict.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.