BERT ALFORD and HAZEL ALFORD, Appellants, v. FRANK HOOD, ED HAYES and HUGH HAYES, Respondents.[*]

Springfield Court of Appeals, December 7, 1923.

1. **FRAUDS, STATUTE OF:** Could be Waived or Invoked: Recovery for Money Had and Received, When. Plaintiffs suing to recover an installment payment to defendants under a contract which did

214 M. A.—31

Alford v. Hood et al.

not definitely provide when a certain deferred payment was to be paid, could waive the right to invoke the Statute of Frauds, if they so desired; or they might have, in a separate count, invoked the statute, (sec. 1221, R. S. 1919), and if the contract was unenforceable, then they could have recovered as for money had and received.

2. SPECIFIC PERFORMANCE: Where Contract is Valid and Defendants Refused to Perform, Plaintiff's May Recover Installment Paid or Enforce Performance. Assuming that the contract for the sale of land was valid, under which plaintiffs deposited the installment, and that defendants refused to perform, plaintiffs could then have recovered back the amount paid, or they could have tendered performance on their part and enforced performance on the part of defendants.

3. APPEAL AND ERROR: Appellants, Proceeding on One Theory in the Lower Court, Cannot Proceed on a Different Theory on Appeal. Where plaintiffs proceeded in the lower court as though the contract was valid, and that defendants refused to perform, and sought to recover on that theory, cannot on appeal proceed on a different theory.

---

*Headnote 1. Frauds, Statute of, 27 C. J. section 425; Money Received, 27 Cyc. p. 868 (1925 Anno); 2. Vendor and Purchaser, 39 Cyc. p. 2004; Specific Performance, 36 Cyc. p. 552; 3. Appeal & Error, 3 C. J. section 626.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby*, Judge.

AFFIRMED.

*G. M. Sebree* and *Nat W. Benton* for appellants.

(a) The written contract signed by the plaintiffs and defendant Hood was void and non-enforceable for the reason it failed to set out the terms of the sale, to-wit: For how long a time the loan should be carried, the rate of interest or how secured and these terms cannot be supplied and made binding on the parties by parole evidence. Ringer v. Holtzclaw, 112 Mo. 519; Boyd v. Paul, 125 Mo. 13. (b) The written contract being void when it was executed and the parties being unable to agree on the terms of the sale, they are entitled to recover the

money paid the agents in an action for money had and received. Gwyn v. Smur, 49 Mo. App. 361; Also same case, 101 Mo. 553, and others cited in this decision. (c) The terms of this contract were never agreed to between the buyer and seller. The plaintiffs testified that at the time they signed the written instrument, the agent Hayes, promised them they could have the $6000 loan for five years. Hayes testified that he did not agree to any definite time and the loan was to be only a temporary affair, not longer than six months or a year, while Hood swears he was not present when the contract was signed by the plaintiffs and he signed it under the belief that they were to pay for the land in sixty days and had not authorized the agent to give them any specified time. The minds of these parties never met, either when the contract was signed or afterwards. (d) This is an action for money had and received. The petition sets out the details of the transaction and seeks to obtain a return of the money deposited with Hayes Brothers by plaintiffs which was to be used as part payment for the land if the trade was consummated. It is not an action on a contract or suit for damages for failure to perform the contract but alleges in substance that the defendants have their money which in equity and good conscience should be returned to them. The Cyclopedia of Law and Procedure, Vol. 27, page 849, defines the action for money had and received as an equitable action governed by equitable principle and plaintiff waives all torts, trespasses and damages. It may in general be maintained wherever one has money in his hands belonging to another which in equity and good conscience he ought to pay over to that other. At page 877, same volume, it is said: This form of action at common law is very simple, merely a statement that defendant owes or is indebted to plaintiff in a certain sum received by the defendant to plaintiffs use a promise of payment by defendant and a prayer for judgment. In the code system it is proper to set forth the special facts creating the liability. The case of Kelly v. Osborn, reported in the 86 Mo. App., 239, was an action commenced by plaintiff for malicious at-

tachment in which it was charged that he, the plaintiff, had been forced to pay defendant an unjust claim. The plaintiff failed to make out a case of malicious attachment and the trial court dismissed his suit. On the appeal, the Court of Appeals reversed the decision and held that the petition set up a cause of action for money had and received. The case of Villias v. Stern et al., 53 N. Y. Supp. 267, in discussing a petition in an action for money had and received it is said: ''Whatever else may be inserted in the pleadings by way of allegation beyond a statement of fact sufficient to constitute a cause of action, may be regarded as surplusage as the rules of pleading require only, that a good cause of action appear and we need not go into all the other allegations of the pleading for the purpose of spelling out whether or not they are matters properly inserted or alleged.'' In the case of Stockman v. Allen et al., 160 Mo. App. 229, it is said: ''An action for money had and received may be maintained instead of breach of contract when one party is left in possession of the other's money and it is proper to admit the contract in evidence. This case cited the case of Clifford Banking Company v. Commission Company, 195 Mo. 262; also the case of Richardson v. Drug Company, decided by Judge Goon, 92 Mo. App. 515. At page 232 of the Stockman case, Judge Ellison in his opinion says: ''The fact there was a contract between the parties does not necessarily imply an action must be brought upon it if the contract has been put an end to. An action for money had and received lies to recover any payment that has been made under it and in proper instances, the contract may be used in evidence. It only figures as a means of showing how defendant came to have plaintiffs' money which they in good conscience ought not to keep.''

*L. H. Musgrave* and *O. E. Gorman* for respondents.

(a) Appellants will not be permitted to base their cause of action upon a contract, a part of which is in writing and part oral, and when they fail in their proof,

at the time, to then take the position on appeal that the contract upon which they based their cause of action was void. They cannot sue on one cause of action and recover upon another. Lansbaum et al. v. Janet Realty Co., 226 S. W. 608; Koons v. St. Louis Car Co., 203 Mo. 227; State v. Baker, 262 Mo. 698; State v. Clark, 121 Mo. 512. (b) "Parties litigant are not allowed to take inconsistent positions, as attempted in the present instance. They will not be permitted to cause the court and adversary counsel to pursue a certain course, and then at the outcome deny and repudiate the legal validity of that very line of conduct, and thus 'tread back and trip up the heels of their adversary.'" (c) The courts without exception hold that when a case has been brought up for review by an appellate court, appellant is not permitted to assume an attitude inconsistent with that taken by him at the trial. 3 Corpus Juris, page 718, sec. 618; Cockrell v. Williams, 195 Mo. App. 400; Smith & Hayslip v. Wilcox Oil Co., 253 S. W. 641; Long v. Lackawanna Coal & Iron Co., 233 Mo. 734. (d) Appellants alleged in their petition an agreement between these parties partly in writing and partly oral, and respondents in their answer admit that the contract was partly in writing and partly oral. There is no controversy over the written part of the contract, but respondents deny that the oral part of the contract is in terms as alleged in appellants' petition, and the evidence tends strongly to prove respondents' contention. Upon this issue each party had the right to and did offer oral testimony as to the verbal part of the agreement. If only part of the contract is put in writing the part so omitted from the writing may be established by parol testimony. Greening v. Steele, 122 Mo. 287; Eggimann v. Houck, 240 S. W. 478; Morris v. Hahn, 208 Mo. App. 575; Brown v. Bowen, 90 Mo. 184. (e) Where the parties enter into a contract, as the evidence tends to show the parties did in the case at bar, they cannot be heard to complain of its terms. Long v. Lackawanna Coal & Iron Co., 233 Mo.

740. (f) The authorities cited by appellants have no application to this case. In the case of Ringer v. Holtz-claw, 112 Mo. 519, cited by appellants, the court properly held that it "should not go to the extent of permitting plaintiff to establish not a part but the whole contract by parol." In the case of Boyd v. Paul, 125 Mo. 13, cited by appellants, the court held that parol testimony was properly excluded "where your memorandum under the statute is scant in measure you cannot piece it out by verbal additions." (g) But appellants themselves offered parol testimony to prove the contract, which under the pleadings was properly admitted. The case of Gwin v. Smur, 49 Mo. App. 361, and 101 Mo. 553, cited by appellants has no application to this case, as in that case the contract was void as stated by the court in that opinion (49 Mo. App. 365). "Said real estate contract was not only void and worthless as to Mrs. Smur, but as well invalid as to this defendant, her husband. It was a blank piece of paper, worthless for any purpose."

BRADLEY, J.—Plaintiffs, who are husband and wife, sued to recover $1000 paid by them in a real estate deal. The cause was tried before the court, and the finding was against plaintiffs and they appealed.

Plaintiffs signed what was intended to be a contract for the purchase of certain described lands in Greene County. Defendant Hood was the owner of the land, and defendants Hays composed the real estate firm who negotiated the deal. The consideration was $10,000 and $1000 was to be paid upon the signing of the contract, and the deal was to be completed in sixty days. The deal failed because of a failure to agree upon the length of time a $6000 deferred payment should be carried by defendant Hood.

There is but one point in the case. Plaintiffs contend that their petition is for money had and received, and in effect plead the Statute of Frauds, and that the contract is void upon its face, because of the absence of

definite specification  as to the loan or deferred payment. Defendants contend that plaintiffs' petition is bottomed upon an alleged breach of contract, that the cause was tried upon that theory, and decided in the trial court upon that theory, that plaintiffs did not plead the Statute of Frauds, and that they cannot stand here upon a theory·entirely different to that upon which the cause was tried below.

The petition is not set out in full in the abstract of the record, but plaintiffs state its substance as follows: "That the defendants Ed Hays and Hugh Hays were partners engaged in the real estate business under the firm name of Hays Brothers; that the said plaintiffs and the defendant Hood signed a written agreement by the terms of which the plaintiffs agreed to buy from the defendant Hood the above described property for the sum of ten thousand dollars, that the defendants Hays Brothers were the agents of the said Hood in making said sale, and, at the time of making contract, the plaintiffs deposited one thousand dollars with the defendants Hays Brothers to be turned over to Hood and applied on the purchase price of said land if the title was found to be vested in Hood, and he afterward executed and delivered to plaintiffs a warranty deed to the property and complied with the other conditions of the contract.

The contract further provided that the balance of the purchase price for said land should be paid as follows:

'Three thousand dollars at the closing of this deal, and that the party of the first part (Hood) agrees to carry a loan of six thousand dollars, but parties of the second part (plaintiffs) have the privilege to pay all in cash if they prefer.'

That at the time of signing said contract and depositing the one thousand dollars with the agents, Hays Brothers, it was understood between plaintiffs and Hays Brothers that the six thousand dollars loan which Hood was to carry should be evidenced by plaintiffs' promissory note, bearing legal rate of interest, secured by

deed of trust on the property purchased and which said note should mature in from three or five years, the customary date of maturity of real estate loans.

Said contract further provided that if the plaintiffs failed to comply with the requirements on their part for a period of sixty days, the said one thousand dollars deposited with the Hays Brothers should be forfeited and should be divided equally between the said Hood and Hays Brothers.

That before the expiration of the sixty days they offered to pay the sum of three thousand dollars, the balance of the cash payment, to give their note for six thousand dollars due on or before three years after date and secure the same by deed of trust on the property, that they demanded a deed but that said Hood refused to execute a deed and claimed a forfeiture of the one thousand dollars deposited with Hays Brothers. After plaintiffs failing to obtain a conveyance of said property from defendant Hood, they demanded the return of the one thousand dollars deposited with Hays Brothers and they (Hays Brothers) declined and refused to return said deposit and plaintiffs pray judgment for the one thousand dollars together with interest and costs.''

Plaintiffs cannot escape from their petition. It is bottomed upon a breach of contract. They allege the whole contract which they say was agreed upon, and ask judgment for the amount paid because defendants failed to complete the deal on the basis of what plaintiffs contended was the contract. The case, as is shown by the evidence, was tried on the theory that plaintiffs were seeking to recover on the ground that defendants had failed to comply with the contract. Both parties agreed that plaintiffs were to have time on the $6000, and that the deferred payment was to be evidenced by plaintiffs' note secured by trust deed on the land. Plaintiffs contended that the time was to be from three to five years, while defendants said the time was not to exceed one year. Plaintiffs did not allege, even inferentially, that

the contract was void or unenforceable under the Statute of Frauds for lack of definiteness or because of the absence of essential terms; and nowhere in the record does it appear that plaintiffs relied upon the invalidity of the contract as one for the sale of lands.

Plaintiffs could waive the right to invoke the Statute of Frauds if they so desired. (Aultman v. Booth, 95 Mo. 383, 8 S. W. 742); or they might have, in a separate count, invoked the statute, section 1221, Revised Statutes 1919, and if the contract was unenforceable, then they would have recovered as for money had and received. [Allen v. Richard, 83 Mo. 55.]

Assuming that the contract was valid and that defendant Hood refused to perform, plaintiffs could then have recovered back the amount paid, or they could have tendered performance on their part and enforced performance on the part of defendants. Plaintiffs, proceeded as though the contract was valid, and that defendant Hood refused to perform, and sought to recover on that theory. That plaintiffs cannot proceed here on a different theory is well-settled law in this State. [Farmers Bank of Deepwater v. Ogden, 192 Mo. App. 243, l. c. 254, and cases there cited.]

There are instances where the Statute of Frauds may be invoked when not specifically pleaded (Hamburger v. Hirsch, — Mo. App. —, 212 S. W. 49), but the point here is not that the statute was not pleaded, but that the case was not tried on the theory of an unenforceable contract.

The judgment should be affirmed and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.