No. 26,006.

RAYMOND F. FOLEY, Receiver of THE AMERICAN STATE BANK,
*Appellee,* v. JOHN HARDY, *Appellant.*

SYLLABUS BY THE COURT.

BILLS AND NOTES—*Pleadings—Necessity for Use of Such Words as "Order" or
"Bearer."* A petition which alleged that the defendant, for value received,
made, executed and delivered an instrument which reads:

LITTLE RIVER, KANSAS, March 31, 1920.
$2500.00
Six months after date I promise to pay, myself...............$2500.00...............
Twenty-five hundred dollars for value received with interest at rate of
6 per annum.                                        JOHN HARDY.
    50c canceled revenue stamps.
    Indorsements:  John Hardy.

That he thereafter indorsed it by writing his name across the back, and that
the note was thereafter, and before maturity, for value and in due course
of business, sold, assigned, transferred and delivered to the plaintiff, stated
a cause of action.

Appeal from Rice district court; AARON COLEMAN, judge *pro tem.* Opinion
filed July 11, 1925. Affirmed.

*Ben Jones,* of Lyons, for the appellant.

*C. H. Brooks, Willard Brooks, Howard T. Fleeson, William H. Hitchcock,*
all of Wichita, *W. W. Stahl,* of Lyons, and *H. W. Arant,* of Lawrence, for the
appellee.

The opinion of the court was delivered by

HOPKINS, J.:  The action was one to recover on an alleged promis-
sory note. The defendant appeals from an order overruling a de-
murrer to plaintiff's petition.

The petition alleged that plaintiff was the receiver of the American
State Bank, and—

"That on March 31, 1920, the defendant, for value received, made, exe-
cuted and delivered his promissory note for the sum of twenty-five hundred
dollars ($2,500), payable six months after date to himself, which note was
thereafter indorsed by said defendant by writing his name across the back
thereof. A copy of said note, with all indorsements thereon, is hereto at-
tached, marked 'Exhibit B' and made a part hereof. That said note was
thereafter and before its maturity, for value and in due course of business,
sold, assigned and transferred and delivered to the American State Bank;
that the American State Bank, by said receiver, is now the owner and holder

Bills and Notes, 8 C. J. § 1161.

of said note, no part of which has been paid; that there is now due upon the said note the said sum of twenty-five hundred dollars ($2,500), with interest thereon at the rate of six per cent (6%) per annum from March 31, 1920.

### SECOND CAUSE OF ACTION.

"3. Plaintiff makes a part of this, its second cause of action, so much of its first cause of action as is contained in paragraph one, incorporating herein by reference each and every allegation therein contained.

"4. That on March 31, 1920, the defendant, for value received, made, executed and delivered his promissory note for the sum of twenty-five hundred dollars ($2,500), payable six months after date to himself, which note was thereafter indorsed by said defendant by writing his name across the back thereof. A copy of said note is hereto attached, marked 'Exhibit C' and made a part hereof. That said note was thereafter, and before its maturity, for value, and in due course of business, sold, assigned and transferred and delivered to the American State Bank; that the American State Bank, by said receiver, is now the owner and holder of said note, no part of which has been paid; that there is now due upon the said note the said sum of twenty-five hundred dollars ($2,500), with interest thereon at the rate of six per cent (6%) per annum from March 31, 1920."

### EXHIBIT 'B'.

LITTLE RIVER, KANSAS, March 31, 1920.

$2500.00

Six months after date I promise to pay, myself................$2500.00................
Twenty-five hundred dollars for value received with interest at rate of 6 per annum.                                                              JOHN HARDY.

50c canceled stamps.

Indorsements: John Hardy.

The defendant demurred on the ground that the petition failed to state a cause of action. He contends that the petition failed to state a cause of action because the writing or instrument was of no legal force or effect; that one cannot make a contract with himself; that the instrument is not an ordinary "myself" note; that it does not recite that "I promise to pay myself or order," or "myself or bearer," or myself or anyone but myself; that they are not negotiable instruments, are not promissory notes, are not contracts, and that, under the facts pleaded, they create no legal right in favor of the plaintiff against the defendant.

The plaintiff contends that the allegations of the petition state two causes of action upon two negotiable promissory notes; that the instruments are irregular in form in one feature only, in that the words "or order" or "or bearer" do not appear upon the face; that two causes of action are stated irrespective of the question of the negotiability of the instruments.

It is uniformly held that the absence of the words "or order" or

Foley v. Hardy.

"or bearer" do not affect the validity of a note or render it nontransferable or nonassignable. The use of such words in the ordinary note makes it negotiable and thereby cuts off defenses the maker might have against a holder in due course if the note is not negotiable. If a note is nonnegotiable its indorsement and delivery have the effect of an assignment. (*Iron Works v. Paddock,* 37 Kan. 510, 514, 15 Pac. 574.)

In 7 Cyc. 606 it is said:

"The usual form of negotiable paper is a provision for payment to 'order' or 'bearer.' These or similar words are in general necessary to its negotiability and are often required by statute, but a note which is nonnegotiable for want of such words is still a valid note and may be declared on as such." (See, also, 3 R. C. L. 840.)

In 8 C. J. 153 it is said:

"A note which is nonnegotiable for want of such words ['order' or 'bearer'] is still a valid note and may be declared on as such."

The allegation of the petition is that the defendant, for value received, made, executed and delivered the instrument in question; that he thereafter indorsed it by writing his name across the back, and that the note was thereafter and before maturity, for value, and in due course of business, sold, assigned and transferred and delivered to the American State Bank. When the defendant placed his name on the back of the instrument he adopted the promise made upon its face, and transferred it for value, and whether the instrument is negotiable or nonnegotiable, the petition states a cause of action.

The judgment is affirmed.