**FIRST NATIONAL BANK OF FREDONIA, Appellant,**

v.

**Carl R. MEADOWS, Respondent.**

**No. 54759.**

Supreme Court of Missouri,
Division No. 2.

Dec. 14, 1970.

Thomas C. Triplett of Martin, Porter, Pringle, Schell & Fair, Wichita, Jack Fleischaker of Roberts & Fleischaker, Joplin, for appellant.

Karl W. Blanchard, Blanchard, Van Fleet & Robertson, Joplin, for respondent.

BARRETT, Commissioner.

The First National Bank of Fredonia, Kansas, instituted this action in Jasper County against Carl R. Meadows to recover, in the language of appellant bank's brief, sums in excess of $15,000.00 "from the defendant *on four promissory notes.*" At the close of plaintiff's evidence and because of material alterations in the four notes by plaintiff's executive officer the court sustained defendant's motion for a directed verdict, entered judgment accordingly and the plaintiff bank has appealed.

■ The notes, having been executed in Kansas, the rights of the parties, admittedly, are governed by the law of Kansas. And while the appellant bank appears to rely on a section of the Uniform Commercial Code, effective in Kansas as of December 31, 1965 (15 Am.Jur.2d (Commercial Code) Sec. 6, p. 735), as supersed-

**606**

ing §§ 52–906 and 52–907 of the Kansas Negotiable Instruments Act, the notes were all executed in 1964 and the rights of the parties are governed by the Kansas Negotiable Instruments Law even though since repealed by the commercial code. 15 Am.Jur.2d (Commercial Code) Sec. 6, p. 735; 11 Am.Jur.2d (Bills & Notes) Sec. 46, p. 70; United States v. Farrington, D.C., 172 F.Supp. 797.

■■■ Another secondary and somewhat obscure point is the claim that when the suit was instituted the notes were past due, therefore not negotiable with the consequence that the negotiable instruments law did not apply and "should not be considered as requiring the discharge of the notes." Not only were the notes past due, they had been filed as claims in bankruptcy when Walter W. Hamm, doing business as Hamm Construction Company, the principal on the notes, became a bankrupt. Of course, the negotiable instruments act has no application to a nonnegotiable instrument (10 C.J.S. Bills and Notes § 12, p. 423) but it does not follow that an action may not be "declared on as if negotiable." 10 C.J.S. § 571, p. 1190. Strangely enough the leading and probably the only case peculiarly in point is Foley v. Hardy, 119 Kan. 183, 237 P. 925; Foley v. Hardy, 122 Kan. 616, 253 P. 238, both annotated in 42 A.L.R. 1067 and 50 A.L.R. 426. "When the defendant placed his name on the back of the instrument, he adopted the promise made upon its face, and transferred it for value, and whether the instrument is negotiable or nonnegotiable, the petition states a cause of action." (237 P. 1. c. 926 and see Toll v. Monitor Binding and Printing Co., 8 Cir., 26 F.2d 51 involving another Kansas note). The notes here have never been transferred, that is negotiated, in any manner and there is no claim that they have, the action is by the bank, the original payee, against Meadows as one of the parties with Hamm to a "joint venture" in the construction of one or more churches. And it is indeed an anomalous situation, to say the least, that the plaintiff payee seeking recovery on four notes would have the temerity to claim that they were nonnegotiable and that therefore plaintiff should be permitted to recover. As the holder of what it now asserts to be nonnegotiable instruments the plaintiff bank as with the defendant is subject to certain fundamental principles of estoppel. 11 Am.Jur.2d (Bills & Notes) § 392, p. 420, §§ 481–485, pp. 543–549.

The total indebtedness of $18,500.00 was comprised of four notes, one for $3000.00 dated December 31, 1963 and due ninety days after date, two, a $6000.00 note dated February 14, 1964 due sixty days after date, three, an $8000.00 note dated February 17, 1964 and due March 13, 1964 and four, a $1500.00 note dated March 3, 1964, due ten days after date. The notes were the primary obligation of and were signed, as stated, by Walter Hamm doing business as the Hamm Construction Company. And the notes were all payable to the plaintiff First National Bank of Fredonia. The sums represented by the notes were for the most part payroll advances or advances due on architects' certificates in connection with the construction of two churches. Hamm defaulted in the construction of one of the churches and the defendant Meadows as a surety on his bond completed the contract. Meadows denied that he was in a "joint venture" with Hamm but for the purposes of this opinion it is assumed that he was a joint adventurer and as such liable on the notes. As stated, Meadows' defense was that the notes after execution had been altered in two material respects, one, by the bank's adding on the face of the notes "For payroll, Independence church" and, two, by changing without the consent of either of the parties the maturity dates on each of the notes.

■■■ It is sufficient to consider only the latter admitted alteration. Mr. Meadows' first connection with the indebt-

edness involved here was as a cosigner with Hamm of a note for $11,500.00 and finally as a joint adventurer with Hamm as to the four described notes, some of which were "guaranteed" by Meadows. On March 15, 1964, Meadows notified the bank that it was not to make any further loans or advances to Hamm. Mr. Stover, executive vice-president of the bank, candidly admitted that without the consent of either Hamm or Meadows he had scratched out the words "Ninety days," "Sixty days," "Ten days" or other language "after date" indicating the dates due and payable and had inserted on each note as the due date "October 15, 1964." In these circumstances and under the then applicable Kansas Negotiable Instruments Law these were material alterations and "avoided" the liability of "all parties liable thereon." Kan. S.A. §§ 52–906—52–907. The appellant relying in part on the noted provision of the inapplicable commercial code contends that the alterations of maturity dates did not "avoid" the notes "without a showing of fraud." In support of its position the bank cites four cases from New York and Texas. It is not necessary to note these cases, because under the law of Kansas "it is clear that the change in the maturity date constituted material alteration (G.S.1935, 52–907)" and in the language of the court "voids the instrument." Henley v. Carrington, 160 Kan. 630, 632, 164 P.2d 139, 140. As to appellant's assertion of the necessity of fraud, the Kansas Court has said: "As to the necessity of there being a fraudulent intent, the court did not so instruct, and we think such instruction not necessary under the statute. Any of the material changes enumerated in the statute, without the consent of the maker, will avoid the instrument and render it unenforceable without regard to the motive or purpose." Holloway v. Gano, 125 Kan. 3, 262 P. 573, 575. And this, it may be added, is the general rule and it follows that the court, the material alterations being conceded, did not err in directing a verdict for the defendant on the notes. 4 Am.Jur.

2d (Alteration of Instruments) § 40, p. 39.

■ And now notwithstanding all these circumstances the appellant bank contends that under its pleading, proof and upon the record it is entitled to recover upon the theory of quantum meruit "the underlying debt" which it says was not destroyed by the alteration of the notes. The bank's second amended petition is indeed an ambiguous pleading, it is not a conventional suit on notes, neither is it a conventional petition in assumpsit. See Laughlin v. Boatmen's Nat. Bank of St. Louis, 354 Mo. 467, 189 S.W.2d 974, 978–979. It is not necessary to a disposition of this appeal to determine whether the petition states a cause of action on notes or in quantum meruit, it is sufficient to say that plaintiff could have under the law of Kansas as elsewhere instituted a suit in two counts, one on the notes and another on the underlying indebtedness as the plaintiff did in Holloway v. Gano, 12 Am.Jur.2d (Bills & Notes) § 1020, p. 37; McCormick Harvesting Machine Co. v. Blair, 146 Mo. App. 374, 124 S.W. 49; Bank of Flat River v. Walton, 187 Mo.App. 621, 173 S.W. 56; 4 Am.Jur.2d (Alteration of Instruments) § 74, p. 68, § 78, p. 71.

However the petition may be construed, this was not the plaintiff's trial theory, the plaintiff relied on, offered and proved the notes and the trial court had no opportunity to pass on a claim of quantum meruit. That this theory may have been an afterthought, advanced for the first time on appeal, is indicated by the imperfect manner in which the point is briefed and presented. It is here that fraudulent intent in altering the notes becomes important; "where a note is given for a precedent indebtedness, which is not extinguished by, but exists independently of the note, a material, fraudulent alteration of the note by the payee will not only vitiate the note, but will preclude the payee from any recovery against the maker on the original consideration." 127 A.L.R. 343, annotating

the subject "Material alteration which avoids note, as affecting debt for which note was given, or security therefor." And see 4 Am.Jur.2d, § 32, p. 31. The Kansas cases are collected in the above annotation and text, see and compare Hocknell v. Sheley, 66 Kan. 357, 71 P. 839; Wyant v. Russell, 141 Kan. 803, 44 P.2d 260; National Bank of Topeka v. Davies, 143 Kan. 542, 56 P.2d 82; Edington v. McLeod, 87 Kan. 426, 124 P. 163 and Simpson v. Sheley, 9 Kan.App. 512, 60 P. 1098.

As indicated, it is not necessary to consider these cases and this theory in detail, as a matter of procedural policy; "It remains to consider the contention of plaintiff that the court should have permitted him to recover on the theory of quantum meruit. Plaintiff did not seek recovery on that theory. He pleaded the contract, submitted his evidence in support of that theory and submitted no evidence that would support a recovery on quantum meruit and plaintiff must present his case on appeal on the same theory that it was presented to the trial court. The trial court having had no opportunity of passing upon the question now for the first time presented cannot be charged with error in failing to do that which it was not requested to do." Weiss v. Duro Chrome Corp., 8 Cir., 207 F.2d 298, 300; Herrmann v. Scholl, Mo.App., 96 S.W.2d 635; Stepp v. Livingston, 72 Mo.App. 175; Alford v. Hood, 214 Mo.App. 481, 256 S.W. 535; Allen v. Richard, 83 Mo. 55.

In accordance with these views the judgment is affirmed.

STOCKARD, C., not sitting.

PRITCHARD, C., concurs.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.